JOHN G. BROWN *et al.*

*v.*

ALBERT A. PIERCE *et al.*

EVIDENCE—*as to preponderance.* In an action upon bills of exchange drawn on and accepted by defendants, the defense was, that the bills were drawn and accepted in payment for oil sold by plaintiffs, in Pennsylvania, to be shipped to defendants, in New York, and to be of a good and merchantable quality, and that the oil, when shipped, was not of such quality, but was worthless. The only evidence in support of the defense was the testimony of one of the defendants, weakly sustained by another. It appeared that, when the oil was shipped, it was inspected by the agent of defendants, and passed such inspection as good and merchantable oil, and it was *held*, that the preponderance of the evidence was in favor of plaintiffs, and that they should recover.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WALKER, DEXTER & SMITH, for the appellants.

Mr. J. W. CHICKERING, and Mr. D. E. K. STEWART, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, on three bills of exchange drawn by H. W. Brown, on D. Brown & Sons, 99 Maiden Lane, New York, in favor of Messrs. Pierce & Clark, bearing date November 28, 1868, and drawn at Corry, Pennsylvania, and accepted by the drawees.

The defendants, Brown & Sons, pleaded, besides the general issue, three special pleas and a plea of set-off, all which were traversed by plaintiffs and issues joined thereon, which were submitted to the court for trial without a jury.

The finding and judgment were for the plaintiffs for the amount of the bills, with interest. The defendants appeal.

The plaintiffs, in the autumn of 1868, were engaged, at Titusville, in shipping and dealing in and piping crude petroleum oil. Defendants were dealers in the same, in New York City, and at the same time interested in a pipe line at Titusville, and there had an agent to inspect oil purchased by them, and had there railroad cars provided with tanks in which to receive such as they purchased. Defendants purchased a large quantity of oil from plaintiffs on the 30th October, twenty-five cars, at four dollars per barrel, and on the 12th November following, six additional cars, at three dollars and thirty cents per barrel; terms, cash on delivery.

As was the custom at the oil works at Titusville, the defendants, who owned the cars, on the 31st October, put twenty-five of their cars in at the pipe company's rack, and they were filled by the company with good, merchantable oil, examined and inspected by an agent of the defendants then on the spot, and employed by them for that purpose. On the 12th November six other cars were loaded in the same way, examined and accepted by defendants' agent.

To pay for these cars, defendants offered their draft on their house in New York, at three days' sight, which, after much demurring, plaintiffs accepted. It was returned protested, when, on the 18th of November, a settlement was made by taking defendants' accepted draft, at sixty days, for

Opinion of the Court.

five thousand dollars, and a bill of sale of a pipe line owned by defendants, at Boyd Farm, on Oil creek.

But this arrangement did not hold, as somebody else—one Bissell & Co., bankers at Petroleum Centre—insisted upon having the pipe line as security for their claim against defendants. Plaintiffs consented to give up this pipe line to Bissell & Co., on their accepted drafts, at thirty and sixty days, for fifteen hundred dollars, and taking defendants' four acceptances for the balance, at four, six, eight and ten months, the first one of which has been paid; the others are the paper now in suit.

The pleas set up that the oil purchased by them of plaintiffs, put in their own cars and shipped to them at New York, was not of prime quality, as represented by plaintiffs, and that they drew the drafts before they had an opportunity to inspect it; that a large part of it was water and sediment, and a worthless compound known as B. S.

The matters set up in the third plea are to the same purport, with the additional averment that plaintiffs agreed to deliver oil of a certain specific gravity.

The fourth plea claimed for the use and hire by plaintiffs of some of defendants' cars.

All the testimony in support of these pleas is very unsatisfactory, and comes from the defendants themselves, and fails to establish the facts stated in the pleas.

The testimony shows most conclusively that the oil was put in the cars on the acceptance and inspection of their own agent at the oil wells. Lynford Lardner, an employee of defendants, testifies that all the oil was inspected in the usual manner by Jacob Gilbert, who was employed by defendants for that purpose; that the oil passed his inspection as good, merchantable oil, and no objection was made to the quality of the oil, so far as he knew. It is impossible the oil could have been in the condition represented by defendants. The great preponderance of the testimony shows this; not a particle of testimony, save that of one of the defendants, and he weakly sustained by another, supports the defense.

We are well satisfied there was no failure of the consideration for which these bills were given, and they should have been paid long ago.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*