In the Matter of the Application of EVA G. BOLLES, Appellant and Respondent, for an Order Requiring EDWARD H. MURPHY, Respondent and Appellant, to Pay over Moneys Received by him Belonging to the Petitioner, EVA G. BOLLES.

*Alimony — it cannot be appropriated by the attorney to the payment of disbursements.*

Alimony, awarded in an action for a divorce, is not subject to be appropriated to the payment of debts and liabilities disconnected from necessary support and maintenance.

CROSS-APPEALS by the petitioner, Eva G. Bolles, and by Edward H. Murphy from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of November, 1902, directing the said Edward H. Murphy to pay to the said Eva G. Bolles the sum of seventy dollars.

*Philo P. Safford*, for the petitioner.

*Frank H. Curry*, for the respondent, appellant, Murphy.

HATCH, J.:

It appears from the petition and other papers submitted on this application that the husband of the petitioner heretofore brought

an action against her to obtain a divorce *a vinculo ;* that she interposed an answer in such action, containing a general denial of the charges against her, and setting up a counterclaim for a separation from her husband based upon the ground of desertion. Edward H. Murphy appeared for the petitioner in such action. In the month of December, 1901, upon the application of petitioner, an order was granted directing the payment to her of twenty dollars per week alimony and two hundred and fifty dollars counsel fee to the attorney. Subsequently and in January, 1902, the weekly payment of alimony was reduced to ten dollars, and on May twelfth, following, was again increased to twenty dollars. The orders directed that the alimony awarded should be paid at the office of the attorney, and he has at all times received the same. Of the moneys so received, the attorney has retained the sum of ninety-seven dollars over and above any sums of money which he has applied, either for her benefit or the benefit of her children, and the petitioner, therefore, makes this summary application to obtain an order directing the payment over to her of such moneys. The attorney claims to be entitled to retain the same on account of disbursements and expenditures he has made for the petitioner in connection with the action.

It is settled by authority that the sums awarded as alimony cannot be appropriated by the attorney in payment for legal services or disbursements connected therewith. Alimony is directed to be paid by the court for the support and maintenance of the wife and children, and is not subject to be appropriated to the payment of debts and liabilities disconnected from necessary support and maintenance. The right of the wife to have and receive the same is founded upon the marital obligation of the husband to maintain and support his wife and children, and both the allowance and payment are subject at all times to the equitable protection of the court. It may be interposed at any time upon a proper application in enforcement of a decree awarding it, either to compel its payment by the sequestration of the husband's property, or summarily direct any person, who has received it for the benefit of the wife and children, to pay it over. (*Romaine* v. *Chauncey,* 60 Hun, 477 ; *Tonjes* v. *Tonjes,* 14 App. Div. 542.)

The attorney, therefore, has no right whatever to appropriate the

alimony awarded, either as compensation for his services or for the payment of disbursements connected with the action. His allowance of a counsel fee was deemed sufficient by the court for such matters. He cannot resort to the alimony to help him out.

The court below reached the conclusion that only the amount of seventy dollars remained in the hands of the attorney, to which the petitioner was entitled. The attorney nowhere denies but that he received three hundred and ten dollars alimony, and the petitioner avers that out of this sum ninety-seven dollars is due and unpaid. The court reached its conclusion by taking into consideration the statement of an account rendered by the attorney to the petitioner. Therein the following items appear : December 24, 1901, to January 7, 1902, twelve dollars, net twenty-four dollars ; January 7, 1902, to May 12, 1902, two dollars, net thirty-five dollars ; May 12, 1902, to June 12, 1902, twelve dollars, net forty-eight dollars. This was a statement in part of the amount of alimony received with which he charged himself. During the first period mentioned therein, December twenty-fourth to January seventh, two weeks, the attorney was paid twenty dollars per week, but he only charges himself with ten dollars net. We assume that he means by the statement that the other eight dollars per week was expended for the benefit of the petitioner. That would amount to sixteen dollars. The next period he figures two dollars net for seventeen weeks, making thirty-five dollars with which he charges himself, but during this period he was receiving ten dollars per week, and we assume that he means that the other eight dollars per week was expended for the petitioner's benefit. This would amount to one hundred and forty dollars. In the last period, May twelfth to June twelfth, he charges himself with twelve dollars per week for four weeks. This is eight dollars per week short, and if expended, as we assume, would amount to thirty-two dollars for the four weeks. Taking these three items, sixteen dollars, one hundred and forty dollars and thirty-two dollars, equals one hundred and eighty-eight dollars, with which we assume he intended to credit himself with having paid to the petitioner. But he received during the whole time three hundred and ten dollars, and this sum, minus one hundred and eighty-eight dollars, leaves one hundred and twenty-two dollars. Allowing his claim, that of whatever sum remained in his hands, he was still

entitled to a credit of thirty-seven dollars more, would leave eighty-five dollars due the petitioner upon his own account.

This account seems to have been considered by the court as in some form an account stated and relied upon by the petitioner as such in her application. Such, however, is not the fact. The account was set up solely for the purpose of showing that the attorney admitted that some moneys were in his hands, but the petition itself and the other proof upon the application clearly show that the petitioner controverted this statement of account, and claimed that the amount due to her was ninety-seven dollars. What the attorney means by accounting for net receipts is not made clearly to appear, nor does he explain it in his papers. The account itself is shown to be incorrect, and in view of the attorney's failure to deny the fact that he had received the three hundred and ten dollars, and as he does not clearly explain how he has devoted the whole of that sum to the benefit of the children, we do not think his statement of account should be taken as binding upon the petitioner. It was the duty of the attorney to pay over this money immediately upon its receipt. Confessedly he has wrongfully retained it and had the benefit of its use. As he cannot make any legal deductions therefrom under the claim he has asserted, except such as was paid for the benefit of the petitioner and her children, this court will not be astute in relieving him from the payment of the whole sum which the petitioner shows to be due.

The proof upon the part of the petitioner entitled her to an order for the payment of ninety-seven dollars.

The order should, therefore, be modified by directing the payment to the petitioner of the sum of ninety-seven dollars, with interest thereon from the date of the application, and as modified the order should be affirmed, with ten dollars costs and disbursements and ten dollars costs of the motion to the petitioner.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order modified as directed in opinion, with ten dollars costs and disbursements and ten dollars costs of motion to the petitioner.