(161 App. Div. 521)

### FAVERSHAM v. FAVERSHAM.

(Supreme Court, Appellate Division, First Department.   March 20, 1914.)

1. DIVORCE (§ 83*)—ABATEMENT—DEATH OF PARTY.
   Code Civ. Proc. § 757, providing that when a sole party plaintiff or defendant dies and the action survives, the court must allow or compel the action to be continued by or against his representatives, has no application to an action for divorce, since it abates with the death of either party to it.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 269–272; Dec. Dig. § 83.*]

2. DIVORCE (§ 247*)—CLAIM FOR ALIMONY—ABATEMENT AND SURVIVAL.
   A wife's claim for alimony, under a decree of divorce awarding its payment, being unassignable, and not being a debt, the decree only admeasuring and making specific the husband's general duty to support, dies with her, and no right to enforce the payment, even of any sum which had accrued before her death, survives her.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 689, 697–700, 733, 736; Dec. Dig. § 247.*]

3. DIVORCE (§ 231*)—RIGHT TO ALIMONY—NATURE OF RIGHT.
   The right to alimony is merely a personal right arising out of the domestic relations, and is not a property right.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 658–661, 664; Dec. Dig. § 231.*]

Appeal from Special Term, New York County.

Action for divorce by Marian M. Faversham against William Faversham. From an order entered after decree of divorce, substituting the executors of Marian M. Faversham, deceased, as party plaintiff, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John Ewen, of New York City, for appellant.
Bartholomew B. Coyne, of New York City, for respondent.

SCOTT, J. The action is one for a divorce. Judgment was entered therein on March 24, 1902, awarding a divorce to plaintiff, and requiring defendant to pay alimony at the rate of $3,200 per annum.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Plaintiff died on April 6, 1911, at which time some amount of alimony remained unpaid. Respondent, having been appointed and qualified as her executor, now seeks to be substituted as plaintiff in place and stead of the deceased plaintiff, his avowed purpose being to enter a judgment for said unpaid alimony, under the authority of Thayer v. Thayer, 145 App. Div. 268, 129 N. Y. Supp. 1035. The authority for substituting a new party in place of one who has died is found in section 757 of the Code of Civil Procedure, which reads as follows:

"Sec. 757. When Sole Party Dies and Action Survives. In case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued, by or against his representative or successor in interest."

Passing, without discussing the question whether the foregoing section applies to an action which has gone to final judgment leaving nothing to be done except to enforce it (sections 763, 1376, Code Civ. Proc.), an action for divorce is pre-eminently one of a personal nature which, in the absence of statutory provision, abates with the death of either party to it (Matter of Crandall, 196 N. Y. 127–130, 89 N. E. 578, 134 Am. St. Rep. 830, 17 Ann. Cas. 874). Therefore section 763 of the Code of Civil Procedure has no application to such an action. Matter of Crandall, supra; Robinson v. Govers, 65 Hun, 562, 20 N. Y. Supp. 571, affirmed on this point 138 N. Y. 425, 34 N. E. 209.

[2] But even if it were allowable to grant respondent's application for substitution, it would avail him nothing, because the original plaintiff's claim for alimony died with her, and no right to enforce the payment, even of alimony which had accrued before her death, survived her. It is true that this court in Thayer v. Thayer, supra, spoke of alimony as "in the nature of a judgment debt," but those words were used with reference to the particular case then before the court, which was that of a living divorced wife against a living defendant. The question of the nature of alimony was not then before the court. West v. Washburn, 153 App. Div. 460, 138 N. Y. Supp. 230.

[3] It is well settled that alimony, although its payment be enjoined by a decree of divorce—

"is not strictly a debt due to the wife, but rather a general duty of support, made specific and measured by the court." Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544.

"It is an admeasurement by the court of the marital obligation of support, which obligation is made specific, and the allowance becomes a debt only in the sense that the general duty over which the husband previously had discretionary control has been changed into a specific duty." Maisner v. Maisner, 62 App. Div. 288, 70 N. Y. Supp. 1107.

Hence, although the decree allows alimony to the wife "so long as she shall live," the obligation to pay ceases on the death of the husband, and any lien given by him to secure the payment of the alimony terminates at the same time. Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Johns v. Johns, 44 App. Div. 533, 60 N. Y. Supp. 865, affirmed on opinion below 166 N. Y. 613, 59 N. E. 1124. For the same reason the right to receive alimony cannot be reached by creditors of the wife, except

possibly upon a claim for furnishing necessaries which it was the duty of the husband to supply, which is not the case here. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544; Andrews v. Whitney, 82 Hun, 117, 31 N. Y. Supp. 164; West v. Washburn, 153 App. Div. 460, 138 N. Y. Supp. 230. A judgment for alimony, whether payable in future installments or in a liquidated sum, is not discharged in bankruptcy. Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1009; Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265; Matter of Williams, 208 N. Y. 32, 101 N. E. 853, 46 L. R. A. (N. S.) 719. Nor can the husband set off against his obligation to pay alimony a valid debt due to him from his wife (Locke v. Locke, 71 Hun, 363, 24 N. Y. Supp. 1129), and, finally, a wife's claim for alimony is so far personal that it cannot be assigned (Matter of Bolles, 78 App. Div. 180, 79 N. Y. Supp. 530; Matter of Brackett, 114 App. Div. 257, 99 N. Y. Supp. 802). A decree for alimony therefore does not create, but rather defines and makes specific, the husband's original obligation, which continues notwithstanding the divorce. It does not therefore create a debt in the ordinary sense of the word. It measures and makes specific and certain his obligation, but it does not change the character of that obligation, which is purely personal, and solely for the support and maintenance of the wife. In its very nature, therefore, it is unassignable, and upon the death of the wife, when the obligation of support and maintenance ceases, the obligation of payment likewise ceases, and it makes no difference whether alimony has accrued at the time of death or not, for, the right to receive alimony being unassignable, it is unsurvivable. A familiar test as to whether a claim or a cause of action survives the death of the person in whose favor it existed is to ascertain whether or not it was in its nature assignable by such person during lifetime.

"The assignability and survivability of things in action have frequently been held to be convertible terms, and perhaps furnish as clear and intelligible a rule to determine what injuries to property rights or interests are meant by the statute, as it is possible to lay down [citing cases]. The rights of property only which are in their nature assignable and capable of enjoyment by an assignee are those referred to in the statute. Such rights as arise out of domestic relations clearly do not possess the attributes of property, and are not assignable by the possessor." Hegerich v. Keddie, 99 N. Y. 266, 1 N. E. 792, 52 Am. Rep. 25.

The right to receive alimony, as it is understood in this state, is clearly a personal right, arising out of the domestic relations, and is not a property right. This peculiar nature of the obligation to pay alimony under a decree of divorce awarding alimony has been repeatedly recognized by the Supreme Court of the United States in the cases above cited. In Wetmore v. Markoe, supra, that court said:

"The precise question therefore is, Is such a judgment as the one here under consideration a *debt* within the meaning of the act? The mere fact that a judgment has been rendered does not prevent the court from looking into the proceedings with a view of determining the nature of the liability which has been reduced to judgment. * * * We think the reasoning of the Audubon Case recognizes the doctrine that a decree, awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a

judgment, but is rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children. He owes this duty, not because of any contractual obligation, or as a debt due from him to the wife, but because of the policy of the law which imposes the obligation upon the husband."

It is true that the estate of a deceased husband may be held, at the suit of his wife, for alimony which had accrued prior to his death (Matter of Williams, supra), but this is because the necessity for her support and maintenance continued down to the time of his death, as did his marital obligation to furnish support and maintenance. That, however, is the very opposite of the case now under consideration.

We are aware that it has been held in Indiana and Illinois that the right to collect accrued alimony from a husband survives the death of the wife, and passes to her legal representatives (Miller v. Clark, 23 Ind. 370; Dinet v. Eigenmann, 80 Ill. 274), but in both of these cases the courts took a different view of the nature of alimony from that which is entertained in this jurisdiction. As was said in the Illinois case, "The legal liability of the husband for alimony was in the nature of an obligation or duty to a stranger," which is a view precisely opposite to that which obtains in this state.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. LAUGHLIN, J., concurs in result.