DEBORAH VAN NESS, Appellant, *v.* RASTUS S. RANSOM et al., as Temporary Administrators of the Estate of CORNELIUS H. VAN NESS, Respondents.

*Abatement* — action for accrued alimony does not abate upon death of wife.

Alimony which accrues prior to the death of a wife is not a personal claim that dies with her but a right which survives in favor of her personal representatives, and the husband's estate is liable for alimony due and unpaid at the time of his death. (*Faversham* v. *Faversham*, 161 App. Div. 521, overruled.)

Reported below, 164 App. Div. 483.

(Submitted April 26, 1915; decided July 13, 1915.)

MOTION for substitution of parties.

*Charles Blandy* and *Ralph W. Thomas* for motion.

*Almuth C. Vandiver* and *Joseph F. Mulqueen, Jr.*, opposed.

CUDDEBACK, J.   The plaintiff in this action died in January, 1915, after the determination of the appeal at the Appellate Division, and this is a motion to substitute in her place and stead as plaintiff the executor of her last will and testament.   The motion is opposed upon the ground that the cause of action did not survive the plaintiff's death.

The plaintiff, Deborah Van Ness, and the defendant's intestate, Cornelius Henry Van Ness, were husband and wife, and they were divorced by a decree of the Supreme Court entered on May 23, 1867.   The decree of divorce provided that the defendant, as a suitable allowance for the plaintiff's support during her life, should pay her alimony at the rate of $600 a year in equal quarterly payments.   The husband died in 1911 without having ever paid any alimony as required by the decree.   The wife brought this action upon the judgment to recover the alimony which had accrued prior to her husband's death.

The question is presented whether the cause of action for the arrears of alimony, which accrued prior to the death of her husband, survived on the death of his widow, the plaintiff.

The decree of 1867 dissolved the marriage relation, and each of the parties was freed from the obligations thereof. The indefinite and general duty of the husband to support his wife was changed and made specific and took the form of a judgment against him for the alimony awarded. As was said in *Livingston* v. *Livingston* (173 N. Y. 377, 381), after a decree in divorce, " the wife has no future rights, and the husband is under no future obligations, such as are founded upon, or spring out of, the marriage relation."   So upon the entry of judgment in this case the husband became liable at the expiration of each and every period of three months to pay to his wife the sum of $150.

I do not see how, in justice, it can be said that if the

husband failed to pay according to the terms of the judgment, and the wife thereafter died, the judgment in her favor lapsed as to the amount already accrued, and cannot be enforced by her personal representatives. The husband cannot be heard to say that the wife had not required the alimony for the purposes of her support. The court, by the decree, determined on a full consideration of the conditions existing, that it was proper the husband should pay the sum mentioned. If he did not pay, and the wife drew upon her own resources or obtained otherwise the means of support, the husband should not be relieved to that extent from the obligations of the judgment.

In other states where the question has come under consideration, it has been held that the arrears of alimony due a divorced wife at the time of her death may be collected by her executor or administrator. (*Miller* v. *Clark*, 23 Ind. 370; *Dinet* v. *Eigenmann*, 80 Ill. 274; *Coffman* v. *Finney*, 65 Ohio St. 61; *Gerrein* v. *Michie*, 122 Ky. 250.) The analogous proposition that the wife may hold the husband's estate for alimony due and unpaid at the time of his death has also been sustained. (*McIlroy* v. *McIlroy*, 208 Mass. 458, 464; *Martin* v. *Thison*, 153 Mich. 516.) Only one case has been called to our attention in opposition to the motion, and that is *Faversham* v. *Faversham* (161 App. Div. 521).

In *Faversham* v. *Faversham* the court said that the alimony in arrears does not survive to the representatives of the wife, because it is a *personal obligation* in her favor. That decision rests to a large extent on the case of *Romaine* v. *Chauncey* (129 N. Y. 566, 575) which held that a wife's alimony cannot be taken by a creditor in discharge of a debt incurred by her prior to the date of the decree, because the alimony is a special fund provided for a specific purpose. It is " a species of property of a peculiar and specific character; created and existing for one purpose only, and whose express limitations take it out

of the general rule." For a like reason, it has been held that a judgment for alimony is not affected by a discharge of the husband in bankruptcy. (*Wetmore* v. *Markoe*, 196 U. S. 68.) These and similar decisions have all been rendered in an effort of the courts to protect alimony and prevent it from being perverted even by the wife from the purposes for which it was intended.

But alimony is not a personal claim in the same sense that a cause of action for slander or assault is personal. It is personal in a sense that it is a provision made by the court in favor of the wife for her maintenance and support, and cannot be diverted from that purpose. It takes the place of the husband's liability which ended with the divorce. If there had been no divorce the husband's liability would have continued while the marital relation existed, and liability on the judgment should continue to the same extent. Therefore, the alimony sued for in this action, which accrued prior to the death of the wife, was not a personal claim that died with her, but a right which survived in favor of her personal representatives. To hold otherwise would be to defeat the object of the law and seriously impair the value of the decree in the wife's favor by depriving her of the credit which she would have to obtain means of support.

Though the court regards a judgment for alimony as property of a peculiar species, which needs the protection of the court, still it is a judgment rendered after a verdict or decision imposing a liability on the husband to pay a particular amount of money, and it does not abate until its purpose is accomplished, any more than any other judgment for money. (*Carr* v. *Rischer*, 119 N. Y. 117.)

We are not concerned on this motion with any defense which the defendants may have to the judgment of 1867, other than the one that the liability thereby created for alimony in arrears does not survive the wife's death. The notice of motion includes a motion to strike out the name of the defendant Rastus S. Ransom because he is dead.

I recommend that the plaintiff's motion be granted, both as to substituting the executor as plaintiff and striking out the name of Ransom as a defendant, without costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Motion granted.