### RIGGLE, ESTATE OF, In Re

Probate Court of Tuscarawas Co.

Decided June 13, 1940.

Fisher, Limbach, Smith & Renner, New Philadelphia, for claimant.

Seikel & Seikel, Dover, for administratrix.

## OPINION

By LAMNECK, J.

Charles L. Riggle died intestate on October 10, 1939, and thereafter Leota A. Riggle was appointed administratrix of his estate.

On April 11, 1939, the administratrix filed a schedule of debts in this court in which a claim of Jessie M. Riggle, the decedent's former spouse, for milk in the amount of $468.96 was disallowed.

Jessie M. Riggle filed exceptions to said schedule of debts in which she alleged that in a divorce action in the Common Pleas Court of this county in which the said Jessie M. Riggle was plaintiff and the decedent was the defendant, a divorce was granted and in addition to other things in the entry of divorce, the court ordered that the decedent deliver to the said Jessie M. Riggle at her place of residence 2½ quarts of milk daily. She further states that the decedent delivered said milk up to and including November 30, 1934, but thereafter failed and neglected to deliver any milk to the claimant. She asks the court to allow her the sum of $468.96 for the cost of said milk from November 30, 1934 until the time of the decedent's death.

The administratrix filed a motion to strike the exceptions from the files, the main ground among others being that this court had no jurisdiction for the reason that the matter should be determined by the Common Pleas Court which granted the divorce and made the order.

The exceptions of the said Jessie M. Riggle do not state whether such allowance was intended for temporary or permanent alimony, or for support of children, and the motion should therefore be overruled for that reason. Since a copy of the divorce entry is attached to the brief of the administratrix, we assume from it, that the claim is based on a failure of the decedent to deliver milk for the support of children.

That portion of the entry relating to support of children reads as follows:—

"The defendant shall pay unto the plaintiff each and every month and by the tenth of each month the sum of Thirty ($30.00) Dollars in cash as and for the support of the two minor children, Florence Rae and Gerald Dean, and in addition thereto two and one-half (2½) quarts of milk to be delivered daily to the place of residence of the plaintiff."

There is no question that a decree for alimony payable in installments will not support an action for a money

judgment for the amount due thereunder, so long as such decree is subject to modification. (14 O. Jur. §111, page 506). However, default payments are in the nature of judgments and are not subject to modification unless the entry making the order specifically provides that past due as well as subsequent payments may be modified by the court making the original judgment, (Aukland v Aukland, 17 OO 387, 136 Oh St 396, 17 OO 16).

The obligation to pay alimony being a personal one, it is considered as terminating upon the death of either of the parties, where there is no statute to the contrary, and the judgment or decree is silent on the subject. Especially is this true where alimony is payable in installments over an indefinite period, (19 Corpus Juris, page 278, §633).

If alimony payments terminate at the death of one of the parties, then a court could no longer modify its order regarding alimony, because it becomes a finality by reason of the death.

In the case of Van Ness v Ransom, 215 N. Y. 557, 109 N. E. 593, a decree of divorce was granted to a wife in 1867 and she was allowed alimony at the rate of $600 a year payable in quarterly installments. The husband died in 1911 without having paid any alimony as required by the decree. The wife brought an action to recover for past due amounts. She died before the case could be heard, but her personal representative was substituted, and he recovered for all past due installments against his estate.

It is a general proposition of law recognized by most states in the Union that a wife may hold the husband's estate for alimony due and unpaid at the time of his death, 19 Corpus Juris, page 278, §633; McIlroy v McIlroy, 94 N. E. 696 (Mass.); Martin v Thison, 116 N. W. 1013 (Mich.); 19 Corpus Juris, page 221, Section 530; Schouler on Marriage, Divorce, Separation and Domestic Relations, Section 1833; 17 Am. Jur., page 473, Section 608; Aukland v Aukland, 17 OO 387, 136 Oh St 396; 17 OO 16; Armstrong v Armstrong, 117 Oh St 558.

It has also been held in Oho, that unpaid installments of alimony survive and can be collected by the personal representative of the wife from the personal representative of the husband. (Coffman v Finney, 65 Oh St., 61, 61 N. E. 155; Sharp v Sharp, 7 O. N. P. 538; Hassaurek v Markbreit, 68 Oh St 554, 67 N. E. 1066; Moore v Bank, 18 O. N. P. (N. S.) 175.)

Most of these cases, if not all have been decided on the theory that the decree amounted to a judgment and that the subsequent suit brought was to collect a judgment.

Counsel in this case in their briefs have assumed that the allowance made by the court for the support of the minor children involved was an award of alimony. Such is not the case. An allowance for the maintenance of children is not alimony, and consequently the rulings relative to alimony do not apply to this case, except where an analogous legal principle is involved. (Hardy v Hardy, 64 Oh Ap 25, 17 OO 316.)

Generally, a court which grants a divorce, has continuing jurisdiction over the custody, care and support of minor children of the partes even though no express reservation has been made in the decree itself. (Corbett v Corbett, 123 Oh St 76.)

But this is no longer the law when one of the parties dies. The jurisdiction of courts to award the custody and control of minor children to one of the parents in a divorce or alimony proceeding, being merely incidental thereto and operating only inter partes, terminates upon the death of either of the parents, and the surviving party is thereby relegated to his or her natural rights with respect to the custody of such children. A court other than the divorce court may exercise jurisdiction over such children after the death of one of the parties. Weiss v Fite, 19 Oh Ap 309; 14 O. Jur. page 541, §138.

We assume from this that the Common Pleas Court which granted the divorce in this case can not now make any order relative to the care, custody and maintenance of the children of the parties since the death of Mr. Riggle,

and the order that was heretofore made is no longer subject to modification.

In **Pretzinger v Pretzinger, 45 Oh St, 452**, it was held that a mother may recover a reasonable compensation from the father, for necessaries furnished by her for a child for whom no provision was made in a divorce decree, where the divorce was obtained by the wife for the husband's aggression and the custody of the child was given to the wife, in a court other than that in which the divorce was granted.

In **Straub v Straub, 29 Oh Ap 373**, it was held that failure of a court to make an order for maintenance of minor children in a divorce case, on account of the husband's inability to pay, does not preclude the right to sue and recover for such support.

Both of the latter cases allowed suit to be brought in a court other than that in which the divorce was granted even though the divorce court had continuing jurisdiction and could have made an order relative to the support of the minor children of the parties. This was permitted on the theory that the father is liable for necessaries furnished his children.

In **Aukland v Aukland, 17 OO 387**, and in **Armstrong v Armstrong, 117 Oh St 558**, a suit was allowed to be brought for past installments due for the support of minor children in a court other than that in which the divorce was granted.

After a divorce, the parties are from that time on to all intents and purposes single persons, and become as strangers to each other. The primary duty, however, of maintaining minor children of the marriage still remains with the father. His duty and liability to his children remain the same as they existed during the marriage relation, except as to his discharge by the terms of the divorce decree. The divorce in this case was granted to the wife because of the husband's aggression. The custody of the children was awarded to the wife. By accepting the award of the children, she became bound to provide for, protect and educate them, at the expense of the father within the limits of the decree. The father paid for their maintenance in part, but it is contended that he did not furnish the milk as ordered, and that the mother because of that fact was obliged to do so. If the father failed to furnish the milk as ordered by the court, and the mother was obliged to do so, she has a claim for necessaries furnished and is entitled to a money judgment for the value of the milk furnished by her, subject to any legitimate defense the estate might make.

Where is the mother's forum?

Because the father died, the Common Pleas Court which granted the divorce can no longer modify its order, or make any further order, relative to the care, custody and support of the children involved, **(Weiss v Fite, 19 Oh Ap 309)**. The amount ordered to be paid or the food ordered furnished, therefore became fixed and determined and becomes a claim against the husband's estate.

**Sec. 10509-112 GC**, provides that all claims must be presented to the executor or administrator. Overdue past support of children is a claim and is no exception from the specific requirements of the statute. It has been held that claims for unpaid installments for alimony must be presented, **(Swearingen v Rendigs, 53 Oh Ap 221, 5 OO 457)**.

When the claim was disallowed, the claimant could have sued thereon as provided by §10509-133 GC, within sixty days after disallowance.

She chose to file exceptions to the schedule of debts as provided by §10-509-119 GC.

That the Probate Court has full and complete jurisdiction of a claim disallowed by a fiduciary and to which the claimant has filed exceptions has been unquestionably settled in Ohio. **(Amrine v Gabriel, 14 OO 447; In re Beabout, 136 Oh St 412, 16 OO 575; Pfeiffer v Sheffield, 64 Oh Ap 1, 17 OO 305; In re Butler, 137 Oh St 96, 17 OO 432**.

The court therefore finds that it has jurisdiction of the claim, and the motion will therefore be overruled.