Ethel M. Phair, Plaintiff, *v.* Harley W. Mead, Defendant.

Supreme Court, Special Term, New York County, October 13, 1948.

*Louis V. Moscato* for defendant.

*Edgar A. Samuel* and *Lawrence S. Bangser* for plaintiff.

McNally, J. This is a motion to dismiss the two causes of action pleaded in the complaint on the ground that plaintiff, suing as assignee, acquired no rights by virtue of the alleged assignments to her.

The first cause of action seeks to recover arrears of alimony due to plaintiff's assignor under a California decree of divorce. Defendant contends that alimony may not legally be assigned. The law is well settled that this is true as to alimony which has not yet become due. The general rule is otherwise, however, in respect of assignments of past due or accrued alimony (see 97 A. L. R. 212, and cases there cited). In *Faversham* v. *Faversham* (161 App. Div. 521) the Appellate Division in this department held that a claim for arrears of alimony did not pass upon the death of the wife to her legal representative. The basis of this decision was that a claim for alimony, whether past due or due in futuro, is not assignable and therefore did not pass to the wife's legal representatives. The court relied for its holding upon *Romaine* v. *Chauncey* (129 N. Y. 566). However, in *Van Ness* v. *Ransom* (215 N. Y. 557) the Court of Appeals disapproved the holding in *Faversham* v. *Faversham* (*supra*) and held that arrears of alimony due upon the death of the wife passed to and were enforcible by her legal representatives. The court pointed out that (p. 560) : " alimony is not a personal claim in the same sense that a cause of action for slander or assault is personal " and that " To hold otherwise

would be to defeat the object of the law and seriously impair the value of the decree in the wife's favor by depriving her of the credit which she would have to obtain means of support." If a claim for past due alimony survives the death of the wife and passes to her legal representative, it would seem to follow that such a claim is assignable during the lifetime of the wife. To hold that the wife may not validly assign a claim for alimony in arrears would, as the court pointed out in *Van Ness* v. *Ransom,* (*supra*), " seriously impair the value of the decree in the wife's favor by depriving her of the credit which she would have to obtain means of support." A wife cannot support herself on a claim for alimony which is in default. Permitting her to assign the claim has the effect of enabling her to obtain funds with which to support herself. Depriving her of the right to assign the claim is likely in many instances to leave her destitute until such time as she is able to enforce collection of the decree by contempt proceedings or otherwise. Indeed, in many instances she may be unsuccessful in her attempts to make collection.

The case of *Glasser* v. *Rogers* (53 F. Supp. 668, 672) does not appear to be an authority contrary to the conclusion here reached. The language of the court relating to the nonassignability of alimony appears from the context to have been intended to refer only to future alimony. Nor are cases in point which hold invalid agreements between the wife and an attorney for the appropriation of part of the alimony to payment of the attorney. In *Turner* v. *Woolworth* (221 N. Y. 425, 430) Judge CARDOZO, writing for the court, pointed out that since the wife " had at all times an adequate remedy by application to the court " there " were no exceptional circumstances * * * which made necessary an assignment of future alimony if the suits were to proceed " and " There was no occasion for such a pledge in order to procure for the wife the services of counsel."

For the reasons indicated, the court holds that the assignment of alimony in arrears to the plaintiff was valid and that the plaintiff may maintain suit therefor.

It follows a fortiori that the assignment which forms the basis of the second cause of action was also valid. That cause of action seeks to recover sums expended by plaintiff's assignor for the support and maintenance of two minor children of the marriage between the latter and the defendant.

Since the notice of motion is predicated solely upon the alleged lack of legal capacity of plaintiff to sue as assignee and

does not include as a ground for the motion a claim that the first cause of action is insufficient because the decree was interlocutory and not final, the court has not considered or passed upon the question whether plaintiff is correct in her contention that in California an interlocutory decree of divorce has the finality of a final judgment and can be sued upon as such.

The motion to dismiss is denied with leave to answer within ten days from the service of a copy of this order with notice of entry. This disposition is without prejudice to a motion by defendant either before or after answer based upon the claim that alimony due under an interlocutory decree of divorce may not be made the foundation of a suit in this jurisdiction.