Matthew M. Levy, J.
By a matrimonial judgment of this court dated March 31, 1955, the plaintiff wife was awarded $250 alimony per week, retroactive to June 8, 1954. The judgment was affirmed by the New York Court of Appeals (1 N Y 2d 342) and is presently pending on appeal before the Supreme Court of the United States. On application of the wife, a receiver in sequestration was appointed by this court, and he is in possession of one half of certain trust income of the defendant husband. By reason of the appeals, alimony payments as such, both accrued and current, have been generally stayed, and thus there is a substantial sum unpaid. However, the receiver has been directed to pay to the wife $600 per month on account of current *429 support. (See 309 N. Y. 971.) Prior to the entry of judgment, the wife had become indebted to the East End Hotel Corporation for board and lodging in the amount of $1,413. Upon and after dispossession from her residence by East End, she received assistance from the Brooklyn Bureau of Social Service, in the total amount of $5,977.47, also for a period prior to the date of the judgment. On December 10, 1954, the wife entered into an agreement by which she assigned to East End any retroactive alimony she would receive after disposition of the appeals, and, in the event that this amount would not be enough to meet her indebtedness to East End in full, she assigned to East End certain percentages of the periodic payments of alimony she would receive in the future. The agreement provided further that any assignment made by her to Brooklyn Bureau would be on a parity with the assignment made to East End and that, with respect to any moneys assigned, each was to participate in proportion to the amount of its respective claim, so that neither assignment would be paramount to the other. Subsequently, and on April 13, 1955, the wife made a similar assignment to and agreement with Brooklyn Bureau. In January, 1956, the wife began to receive maintenance payments from the receiver. The sum of $110 was deducted by the receiver from each monthly payment (in accordance with the percentage provided in the agreements) and apportioned between the two assignees, on the basis of $89 to Brooklyn Bureau and $21 to East End. After this was done for some two months East End disputed the payments, claiming that each assignee should receive $110 monthly, and the receiver is now withholding $220 each month from the periodic payments due the wife. This has continued for a number of months.
The wife now moves before me for an order directing the receiver to pay over $890 allegedly withheld from her by him, and directing the receiver to deduct $110 of the monthly payments to be made to her pursuant to the order of sequestration and to pay such sum pro rata to the two assignees. By cross motion East End asks for an order directing the receiver to pay it the accumulated sums, totaling $1,068, which he is holding, and to pay it $110 each month until the entire balance due East End is paid with interest. On these applications, the husband is silent.' The receiver is neutral. Brooklyn Bureau agrees to the division heretofore made by the receiver, but states that, if the court is of the opinion that the accumulation by the receiver is to be disbursed, then Brooklyn Bureau should receive the proportionate share under the assignments. The controversy is thus between the wife and. East End. In the *430 melange of charge and countercharge contained in the papers between these parties, they appear to have lost sight of one governing principle which affects the construction if not the very validity of the instruments of assignment.
Concededly, the $600 per month payable to the plaintiff pursuant to the sequestration order (as limited by the stay in force pending the determination of the appeal by the Supreme Court of the United States) is for the plaintiff’s support and maintenance. As such it is in the nature of alimony (Vanderbilt v. Vanderbilt, 1 N Y 2d 342, 347). Insofar as the agreements provide for monthly deductions in the future, to be applied against the debts due the respective assignees, they are clearly assignments of future alimony, and as such are void as against public policy (Romaine v. Chauncey, 129 N. Y. 566; Higgins v. Higgins, 119 N. Y. S. 2d 103, 107). “ These and similar decisions have all been rendered in an effort of the courts to protect alimony and prevent it from being perverted even by the wife from the purposes for which it was intended ” (Van Ness v. Ransom, 215 N. Y. 557, 560; italics mine). In my view, this principle is not in any way affected by the fact that the assignments were for debts contracted by the wife or that such obligations may have been incurred for necessaries. The moneys awarded to the wife as alimony to be paid periodically in the future cannot be subject to the payment of debts of the wife contracted before the decree granting the alimony (Romaine v. Chauncey, supra; Van Ness v. Ransom, supra, p. 559; 2 Nelson on Divorce and Annulment [2d ed.], §§ 14.08,14.09; Haubrich v. Haubrich, 267 App. Div. 872). And in this case, the debts in question were all incurred before March 31,1955, the date of the rendition of the judgment of this court directing the husband to support and maintain his wife as in the judgment provided (207 Misc. 294).
Under the circumstances, I find that those portions of the assignments that pertain to future alimony are unenforcible, and I shall not grant relief based thereon; but, insofar as they purport to assign accrued alimony up to the date of each respective assignment I hold the instruments to be valid (Phair v. Mead, 193 Misc. 149). In short, insofar as the agreements are concerned with prospective alimony, they are invalid, but the provisions of the agreements as to the retroactive alimony are valid. However, the enforcement of these latter provisions must obviously await the outcome of the appeal from the judgment in this case, upon which, necessarily, depends the plaintiff’s right to the accumulated alimony specifically provided for in the judgment.
*431 I do not think it meet for the court to he involved in the construction of those portions of the instruments of assignment so vigorously found inimical to public policy by statute and decision. I therefore do not undertake (notwithstanding the plaintiff’s application) to pass upon the questions raised as to the amount of payment per month East End is entitled to receive within the intent of the assignment to it, whether in principal amount or by way of interest on the debt. The motion by the plaintiff is granted to the extent of directing the receiver to pay to the plaintiff all the funds he is withholding by reason of the claims of the assignees and he is further directed to pay to her the full amount of $600 each month without deduction by reason of the assignments. It is otherwise denied. The cross motion by East End is denied. This determination does not, of course, militate against the plaintiff’s making such payments to the assignees as she, on her own, may deem appropriate or advisable prior to the receipt of the retroactive moneys under the judgment, and thus avoiding the payment of interest if obligation there be in that regard.
Settle a joint order on both motions.