OPINION OF THE COURT
Herbert B. Ray, J.
This is a proceeding brought by an estate for a judgment for arrears under a Family Court order that modified an out-of-State maintenance award.
On April 15, 1981 decedent and respondent were divorced in the State of Virginia. Decedent did appear in the action and apparently was present at court. The decree awarded decedent the sum of $550 per month spousal support for as long as certain conditions continued. The decree recited findings of *78 fact including that the decedent was a resident of New York, that the parties were married in New York, and that decedent resided in the marital home in Binghamton, New York.
Decedent in 1982 commenced a proceeding in this court for an order modifying the Virginia decree upward pursuant to Family Court Act § 466. Jurisdiction over respondent was allegedly obtained under CPLR 302 (b). Respondent representing himself pro se, did not appear but in at least one document (a letter) submitted to the court raised an alleged lack of jurisdiction. A hearing was held in respondent’s absence and the court ordered respondent to pay the sum of $700 per month. The court file does not contain any affidavit of service of the modification petition upon respondent either personally or other substituted service. Apparently, respondent was merely mailed the summons and petition pursuant to Family Court Act § 427.
Respondent ignored the Family Court order and allegedly continued to pay $550 under the old Virginia decree. In 1983, decedent instituted a Uniform Support of Dependents Law (USDL; Domestic Relations Law art 3-A) proceeding against respondent in New York and the proceeding was transferred to New Mexico where respondent resided pursuant to USDL procedures. By stipulation entered October 24, 1983, the parties (decedent acting through her attorney) agreed that respondent would pay the sum of $415.45 per month so long as he was a student. It was also stipulated that respondent would return to making the higher court-ordered payments when he no longer attended school. The parties further stipulated that arrearages would not accrue while respondent attended school. Allegedly respondent continued to pay the $415.45 thereafter. Allegedly, decedent during her lifetime took no further steps to enforce or modify any of the prior orders. Decedent died on March 30, 1991. The executor of decedent’s estate moved by order to show cause dated October 22, 1991 for a judgment of arrears under the Family Court order of September 27, 1982 in the amount of $36,368.90.
A question arises as to whether the court ever had jurisdiction over the respondent prior to its September 27, 1982 order. The allegations in the original petition filed by decedent indicate that the court had the ability to assert "long-arm” jurisdiction over respondent. (See, CPLR 302 [b].) However, there is nothing in the court file as to how respondent was served with the summons and/or petition. The pro se litigant filed several letters with the court and although it does not *79 appear that he submitted himself to the jurisdiction of the court, the letters demonstrate that he received notice of the proceedings. The letters, however, are dated after the court’s September 27, 1982 order. As such, there is nothing in the record of court files to suggest that Family Court Act § 427 mail service was sufficient for the court to take default at that time as satisfactory proof is not set forth. However, it is likely that the court took oral proof that was satisfactory or had other sufficient basis to act. Absent such proof, the court could not have proceeded with an inquiry and made an award when respondent chose not to appear. Using hindsight, perhaps the order should have reflected whatever proof was seized upon by the court to establish respondent’s awareness of the proceeding.
Nonetheless, respondent’s arguments attacking the 1982 Family Court order have no merit because of CPLR 317. Under that provision, the time has long passed for respondent to raise the alleged insufficient service and his arguments are dismissed.
In any event, respondent ratified the earlier New York State order when in the New Mexico proceeding he stipulated to pay a higher amount (based on the New York order) upon his leaving school and that arrearages (under that order) would not accumulate in the meantime. Although the stipulation does not specifically mention the Family Court order, it is clear from the USDL petition that it was that order that was to be resumed and not the older Virginia decree.
Petitioner argues that the USDL order does not relieve respondent from the responsibility of the higher amount awarded under the Family Court order. (Matter of Delores C. v Donald T. C., 146 Misc 2d 250 [Fam Ct, Broome County 1989].) However, this USDL order is not typical. It was a stipulation agreed to by both parties that addressed far more than the current needs of decedent and the present ability of respondent. The stipulation in this case also specifically waived arrearages otherwise accruing during the time respondent was in school. There is no requirement in the law that respondent agree to this and as a bargained for provision it is binding upon the parties. As such, any arrearages that might be due must take into account the waiver. It is not at all clear when, if ever, respondent left school or what, if any, payments were made and thus further proof will be required.
Finally, respondent questions the right of the executor to *80 maintain this action in Family Court. There is not an abundance of authority on the subject. In Van Ness v Ransom (215 NY 557 [1915]), the Court of Appeals permitted payee’s estate to sue the payor’s estate for alimony due under a decree of divorce that accumulated prior to the earliest death. That authority although ancient, clearly permits such claims. However, Van Ness was a Supreme Court action and not a Family Court action. The jurisdiction of the Family Court is more limited by statute. (See, Matter of Huttenlocker v Damstetter, 111 Misc 2d 484 [Fam Ct, Erie County 1981].) Statutory support for the right of an estate to bring a motion for reduction of arrears exists in various sections of the Family Court Act. The language of section 460 mandates that the court enter the judgment upon demand anytime arrears exist. It does not expressly limit who may bring such petition. However, section 453 (a) does limit who may bring a petition under part 5 of article 4 of the Family Court Act and the estate is not expressly listed as such a party. (See, Family Ct Act § 422.) Although the Practice Commentary to section 422 suggests that only those named in the statute may bring support proceedings and that the right is personal and may not be assigned, it is really an initial support proceeding which is being addressed and the instant situation was not contemplated (Besharov, McKinney’s Cons Laws of NY, Book 29A, at 158).
If "a guardian ad litem * * * next friend or other person appointed by the court, may file a petition”, surely an executor appointed by the Surrogate’s Court (when letters are issued) is a person having sufficient comparable interests as those specifically named. (Family Ct Act § 422 [a].) Additionally, since section 466 (c) permits the Family Court to act as a Supreme Court and enforce the order or decree granting alimony, surely the entry of a judgment is one of the enforcement devices permitted especially as the order being enforced is its own. As such, the court finds that sections 422, 460 and 466 permit the court to entertain the instant petition.
Had petitioner specifically moved for such permission in this court, it would have been granted, and the court construes the instant petition accordingly and so grants. (Family Ct Act § 422.) Similar permission has been previously granted by this court. (See, Strauch v Cerretani, Fam Ct, Broome County, Mar. 31, 1986.)
*81 The parties are ordered to conduct such discovery they may wish to narrow and sharpen the issues as to the amount of arrears and regarding any other relevant issue.
The matter is this date referred to the Hearing Examiner for determination.