MARTIN v. THISON'S ESTATE.

EXECUTORS AND ADMINISTRATORS — ESTATES OF DECEDENTS — CLAIMS—ALLOWANCE—ALIMONY.

An award of alimony is a valid claim against the estate of claimant's divorced husband, deceased, for the time elapsing between the date of the decree and the subsequent remarriage of claimant, where decedent in his lifetime took no steps for a modification of the award.

Error to Wayne; Donovan, J. Submitted June 9, 1908. (Docket No. 50.) Decided July 1, 1908.

Maggie Martin presented a claim against the estate of John Thison, deceased, for an amount due under an award of alimony. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. There was judgment for claimant on a verdict directed by the court, and defendant brings error. Affirmed.

*Walter Barlow*, for appellant.

*Julius J. Thiede* and *Ari E. Woodruff* (*Frank W. Atkinson*, of counsel), for appellee.

MOORE, J. In September, 1887, the claimant married John Thison, now deceased. On March 10, 1897, she filed her bill of complaint against him in the Wayne circuit court, in chancery, for divorce. He was duly served with process. A decree of divorce was granted the claimant, and she was awarded permanent alimony in said cause to the amount of $1,200, to be paid to her in installments of $15 a week. The decree was filed August 6, 1897.

The claimant married Mr. Martin, December 20, 1897. After this Mr. Thison made two payments to her of $50 each to apply on the decree for alimony. At the time

the decree of divorce was granted her, Mr. Thison owned no real estate, but had in the neighborhood of $900 in the bank.  He was a saloon keeper.  John Thison died intestate on January 25, 1906, leaving Peter Thison, his father, and Theresa Thison, his mother, as his only heirs at law.  Administration of his estate was granted March 21, 1906, and commissioners on claims appointed therein.

The claimant filed a claim against the estate for $1,668.40 as the amount due her on said decree.  The commissioners on claims disallowed the claim in full and an appeal was taken to the circuit court.  At the conclusion of the testimony, the court directed the jury to return a verdict in her favor for $390.91, the amount claimed to be due from the date of the decree of divorce to the date of her marriage to her present husband.  The case is brought here by writ of error.

The question involved in the case, as stated by counsel, is, Has a court at law jurisdiction to determine questions arising over the nonpayment of alimony granted a wife by a court of chancery in a divorce case?  We quote from the brief:

" Our statute, 3 Comp. Laws, § 8641, provides:

" 'After a decree for alimony or other allowance for the wife * * * the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance and the payment thereof, * * * and may make any decree respecting any of the said matters which such court might have made in the original suit.'

" This statute confers exclusive jurisdiction on the court of chancery, granting a decree for alimony to a wife in a divorce case, to conserve the interests of the parties, by exercising its power to alter and revise at any time a decree for alimony granted for her support.

" The statute takes away from a decree for alimony the element of a fixed judgment for money—a debt—such as will sustain an action at law, or separate suit to recover the amount claimed to be due upon such decree.  The amount claimed to be due on a decree for alimony must be enforced or modified on the petition of either of the parties filed in the original suit wherein the decree for

alimony was granted. The original suit on the question of alimony is always pending and subject to an application on the petition of either of the parties to alter, revise and even vacate the decree upon a sufficient showing being made for that purpose. No other court has any jurisdiction over the matter of the collection of the amount due on such decree for alimony, nor over the modification or revision of it. This question is well settled in this State. *Nixon* v. *Wright,* 146 Mich. 231." And also citing other cases to be found in the brief.

A reference to the cases will show them to be distinguishable from the case at bar.

The case of *Nixon* v. *Wright,* supra, was commenced as an action at law in the circuit court during the lifetime of the husband who might at any time have moved the court for a modification of the decree. In the case at bar the claim was presented to the probate court after the death of the husband, who during his lifetime did not seek a modification of the decree. Counsel has not called our attention to, and we have been unable to find, a case on all fours with the one before us. At the end of a chapter, in relation to procedure in alimony, it is said:

"The practice of the courts in awarding, securing and enforcing the payment of alimony differs in our States as respects mere form, but in substance it is the same in all. The needful facts must be set out in pleadings, they must be proved, and due steps must accompany the rendition of the decree. The processes for enforcing it are not quite identical in our States, and commonly there is a considerable election among them. In most of the States there is the attachment for contempt. In some, there may be an execution. Quite widely a suit will lie on the decree regarded as a judgment; sometimes there may be scire facias; sometimes a bill in equity." 2 Bishop on Marriage, Divorce and Separation, § 1114.

In *O'Hagan* v. *O'Hagan's Executor,* 4 Iowa, 509, the wife was granted a decree for alimony. Later she filed a bill asking for a modification of the decree so as to allow her a larger sum as alimony. While this bill was pending the husband died and his executor was made a party.

The court stated that the only question involved was whether the death of the husband abated the proceedings, and, in deciding that it did, the court used the following language:

"But it is said that a decree may be made giving to the wife an annual or other allowance during her life, which may extend, and be enforced against his estate beyond the life of the husband; and if so, a court may also modify a former decree, either in favor of or against the husband, after his death. The answer to this is, that in such a case, the court has acted upon the whole question, during their joint lives, and has decreed to her a definite and fixed sum. This decree has the same force and validity as any other judgment, and may be collected in the same manner. It is a fixed, ascertained, and subsisting debt against him, and, upon his death, against his estate. Not so, however, with a claim for alimony which never has been settled; or where the wife after his death, seeks to increase the amount allowed in his lifetime. It is not a demand, definite in its character, to which she has an absolute right. By the decree giving her an absolute sum during her life, she stands as any other creditor, and her right to payment does not depend upon the amount of his estate, whereas the ability of the husband, and their condition in life, are important to be considered in awarding alimony, or in changing a dower for the same. The case of *Gaines* v. *Gaines*, 9 B. Mon. (Ky.) 295, expressly decides that the claim to alimony, as such, ceases at the death of the husband, and the petition of the wife therefor, was refused, though pending at his decease —the court saying: 'We are of opinion that such claim, though asserted before his death, will cease by that event, and cannot be afterwards availably asserted, unless it has been before ascertained and fixed by decree.' And to the same effect, see Bishop on Marriage and Divorce, § 559."

See, also, *Ulman* v. *Ulman*, 147 Mich. 353, and the cases cited therein.

In *Knapp* v. *Knapp*, 134 Mass. 363, it was held that the writ of scire facias was an appropriate process to obtain execution against the estate in the hands of an executor for arrears of alimony awarded against the testator in his lifetime.

Section 9367, 3 Comp. Laws, reads in part as follows:

"When letters testamentary or of administration shall be granted by the judge of any court of probate, such judge may, in his discretion, appoint two or more suitable persons to be commissioners, to receive, examine and adjust all claims and demands of all persons against the deceased except in the following cases."

The exceptions do not affect the question at issue here. It will be observed that the statute refers to "all claims and demands of all persons against the deceased." We think it very clear that the decree obtained by the claimant constituted a claim or demand against the deceased. As the defendant did not seek to have it modified in his lifetime, and as no showing was made why the installments which had accrued between the date of the decree and the marriage of the claimant should not be paid in full, we think the judge did not err in directing a verdict for the amount.

Judgment is affirmed.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.