Jessie B. Fields, as Administratrix of the Estate of G. H. Fields, Deceased, v. Jewell Fields, a *Femme Sole*.

191 So. 827
Division B
Opinion Filed October 17, 1939
Rehearing Denied November 17, 1939

*S. N. Smith, Otis M. Cobb* and *C. P. Diamond,* for Plaintiff in Error;

*Chas. A. Mitchell, T. B. Ellis, Jr.,* and *Sherman N. Smith, Jr.,* for Defendant in Error.

Per Curiam.—Writ of error from the final judgment of the Circuit Court of the Ninth Judicial Circuit. Plaintiff in error is the administratrix of the estate of G. H. Fields, deceased. Defendant in error, claimant, is the daughter of deceased.

In 1926, deceased and claimant's mother were divorced, custody of claimant being given to her mother. Pursuant to the divorce, there was a property settlement made by

agreement between the parties which agreement purported to provide, *inter alia*, that deceased should pay claimant then a minor, $25.00 per month from date until she was self-supporting. Claimant alleges that deceased paid only a total of $100.00 on the agreement, and that several demands have been made for payment. Claimant also alleges that the agreement was under seal, but that it had been destroyed several years ago by a fire which burned her mother's home. The declaration here is filed against administratrix of the estate of G. H. Fields to collect the alleged balance due Jewell, namely, $2,000. The jury, on direction from the trial judge, rendered a verdict for claimant for $1,925.

At the trial, Julia E. Fields, mother of claimant, testified as to the execution and contents of the agreement, to which administratrix objected. Objections were overruled, and the rulings are designated as the fifth, sixth, and seventh assignments of error, the reasons for such assignments being that Sec. 4372, Compiled General Laws, 1927, disqualifies such a witness.

In Fields, Administratrix, v. Fields, filed this same day, the same question was raised, and the law governing the situation is there set forth. In order to reiterate, however, we quote again from Rich v. Hunter, 135 Fla. 309, 185 So. 141:

"Under the rules of the common law all persons who were interested in the event of a suit were disqualified from testifying therein, whether their adversaries were living or dead. The purpose of Sec. 4372 (2705) C. G. L., was to remove the common-law disability arising from interest, except where one of the parties to a transaction or communication was, at the time of the hearing, dead, insane or a lunatic. In those cases the disabilities arising from interest, imposed

by the common law are retained by the statute; but the statute disqualifies those only who were disqualified by the common law. Adams v. Board of Trustees, 37 Fla. 266, 20 So. 266. This statute was designed to enlarge the common-law rule, except as to transactions and communications between interested parties and persons deceased, insane or lunatic. Le Blanc v. Yawn, 99 Fla. 328, 126 So. 789."

And from Adams v. Board of Trustees, *supra:* "* * * A witness was also incompetent by the common law where the record would, if his party succeeded, be evidence of some matter of fact to entitle him to a legal advantage or repel a legal liability."

The case at bar is to be distinguished from Fields, Administratrix, v. Fields, *supra,* in that here Julia E. Fields is testifying in a case where the record would, if her party succeeded, be evidence of some matter of fact to entitle her to a legal advantage. Under the alleged agreement both claimant and the witness are to benefit. As yet, said agreement has not been shown to exist or to have been under seal as alleged. If witness is allowed to testify about the agreement, and if it is upheld on her testimony, would not that be evidence of some matter of fact to entitle her to a legal advantage in the event the property settlement under which she benefits were ever questioned? Of course the possibilities of such other action being instituted may be remote, but the record of this case becomes a part of the permanent records and may be used as evidence for Julia E. Fields no matter when her interest in the property is questioned. Thus the record, if her party succeeds, is evidence of a matter of fact to entitle her to a legal advantage and witness' interest is direct and immediate, even though the occasion for the use of the record as evidence may actually never arise.

The admission of the testimony of Julia E. Fields as to the agreement and its contents over the objection of administratrix was error. This being sufficient error to reverse the lower court, no other assignments will be considered. The judgment of the trial court is reversed.

Reversed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule ·21-A of the Rules of this Court.

THOMAS, J., disqualified.

## ON PETITION FOR REHEARING

PER CURIAM.—Defendant in error, on petition for rehearing, alleges that the Court has taken facts from the testimony of a companion case and used them to reverse this case.

While it was not specifically brought out in the testimony of Mrs. Julia E. Fields that there was a property settlement in her favor at the time of the divorce, it is alleged in the declaration that "at the time of the entry of said divorce a property settlement was agreed upon between the said G. H. Fields and Julia E. Fields" and that "the said G. H. Fields agreed in writing, under seal, as a part of said property settlement to pay to plaintiff" the amount for' which she is here suing. The demurrer to the declaration was correctly overruled, and issue was eventually joined on the declaration. Were Mrs. Fields' testimony as to the agreement allowed, and were the defendant in error to recover thereon, this record would be evidence to entitle her to some legal

advantage in the event the property settlement were ever questioned.

Petition is denied.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.