JESSIE B. FIELDS, as Administratrix of the Estate of G. H. Fields, deceased, v. JULIA E. FIELDS, a *femme sole*.

191 So. 512

Division B

Opinion Filed October 17, 1939

*Otis M. Cobb, Sheman N. Smith, and C. P. Diamond,* for Plaintiff in Error;

*Charles A. Mitchell, S. N. Smith, Jr.,* and *T. B. Ellis, Jr.,* for Defendant in Error.

PER CURIAM.—Writ of error from the final judgment of the Circuit Court of the Ninth Judicial Circuit. Plaintiff-in-Error is the Administratrix of the estate of G. H. Fields, deceased. Defendant in Error is the divorced wife of deceased, and claimant under the promissory note sued on in the lower court. The final decree of divorce between Claimant and deceased was entered February 3, 1926. Pursuant to an agreement, deceased conveyed certain lands to his former wife, and on February 5, 1926, executed a note to her for $1,000, the settlement being in lieu of alimony, maintenance and support. The collection of said note, which has since been destroyed by fire, is the purpose of this suit.

Claimant filed claim for the note in the office of the

County Judge of Indian River County, in accordance with Section 120, Probate Act of 1933, but failed to attach a copy of the note to the claim, and did not allege the destruction by fire. The claim being unpaid, claimant brought suit in the Circuit Court of the Ninth Circuit to collect said note, alleging, *inter alia,* that the note was under seal, and hence not barred by the Statute of Limitations.

At the trial, the attorney who represented Mrs. Fields Claimant, in her divorce action testified as to the form of notes he used in his practice, such forms being the same as those prepared and used by the Ft. Pierce Bank and Trust Company. Two employees of that bank testified as to the form of the notes used by the bank, both saying the notes had "seal" on them. A copy of each form of note was introduced into evidence as Plaintiff's exhibits "F" and "G."

Miss Jewell Fields, daughter of deceased and Mrs. Feilds, testified that she had heard several conversations between deceased and her mother, in which deceased admitted that the note had not yet been paid.

Claimant took the stand on her behalf, saying she had had the note, but that it had been burned and destroyed when her home in Sebastian was destroyed by fire. Defendant objected to all this testimony, and to the introduction of the two notes into evidence.

At the end of all testimony both parties moved for directed verdict. Trial Judge directed verdict for Claimant in the sum of $1,200, and entered final judgment for that amount. Administratrix moved for a new trial. The motion being denied, writ of error was taken.

The first question presented for determination here is whether or not the claim filed against the estate of decedent, stating that decedent was indebted to Claimant in a stated sum and that decedent executed a note to Claimant for such sum, and that same is just, due and unpaid, is a suf-

ficient statement and presentation of the claim under Section 120 of the 1933 Probate Act to entitle Claimant to maintain a suit against the estate on the note as a lost note, the note having been destroyed by fire prior to filing of the claim. The trial court answered this question in the affirmative, and there appears no error in that respect, inasmuch as the claim appears in regular order, and complies with the only mandatory provisions of Section 120, *supra*, that the claim "* * * shall be in writing and contain the place of residence and post office address of the Claimant, his agent or attorney and be filed in the office of the county judge granting letters * * * within eight months from the time of the first publication of the notice to creditors. * * *"

Administratrix questions the ability of the divorced wife to hold the personal representative of the deceased's estate liable on such a note. The deceased gave the note and conveyed the property to Claimant in lieu of alimony, maintenance and support. Of this there is no question. This Court in Gallemore v. Gallemore, 94 Fla. 516, 114 So. 371, has said:

"By parity of reasoning according to the weight of authority bona fide agreements relating to alimony or the adjustment of property rights between husband and wife, though in contemplation of divorce, will be upheld, if not directly conducive to the procurement of a divorce. Julier v. Julier, 62 Ohio St. 90, 56 N. E. 661, 78 Am. St. Rep. 697, notes, 11 Ann. Cas. 379 and cases cited, Ann. Cas. 1915A 811, 9 R. C. L. 256; Appleby v. Appleby, 100 Minn. 408, 111 N. W. 305, 10 Ann. Cas. 563, 117 Am. St. Rep. 709, 10 L. R. A. (N. S.) 590." The note here was certainly executed in furtherance of an agreement relative to the adjustment of property between the parties.

In Biscayne Trust Co. v. American Security and Trust Co., 20 F (2d) 267, 57 App. D. C. 251, the Administrator

of the divorced wife's estate sued Administrator of the husband's estate for past due alimony; held, recovery allowed for accrued alimony and interest. And in Kalben v. King, 166 Md. 632, 172 A 80, it is said:

"The weight of authority in this country is that a wife may recover accrued alimony against a deceased husband's estate to the date of his death, and it is generally done by bringing in his executor as a party to the proceedings for the sole purpose of enforcing the demand. 1 R. C. L. 953; 2 L. R. A. (N. S.) 242, note; Martin v. Thison, 153 Mich. 516, 116 N. W. 1013, 18 L. R. A. (N. S.) 257, 126 Am. St. Rep. 537; McIlroy v. McIlroy, 208 Mass. 458, 94 N. E. 696, Ann. Cas. 1912A 934; Gilbert v. Hayword, 37 R. I. 303, 92 A 625; Van Ness v. Ransom, 215 N. Y. 557, 109 N. E. 593, L. R. A. 1916B 852, Ann. Cas. 1917A 580."

Thus we see that alimony, in the strictest sense of the term, is collectible from the estate of decedent, and we are unable to find any authority holding that a note, given in lieu of alimony, is not collectible from the estate, nor can we find anything in Chapter 16780, Laws of Florida 1935, to limit the wife's remedy for collection of the note to a suit in Chancery.

Using the testimony of the wife's divorce attorney and that of the two bank employees as a foundation for the admission of the forms of the two notes used by the Ft. Pierce Bank and Trust Co., we can find no error in the ruling of the trial judge admitting the forms into evidence.

By proper objection and assignments of error, Administratrix questions the admission of the testimony of Jewell Fields, daughter of Claimant. Objections were made on the grounds that her testimony comes under the prohibition of Section 4372, C. G. L., in that it is a "transaction or communication" with deceased. In the case of Rich v.

Hunter, 135 Fla. 309, 185 So. 141, in construing the section the court said:

"Under the rules of the common law all persons who were interested in the event of a suit were disqualified from testifying therein, whether their adversaries were living or dead. The purpose of Sec. 4372 (2705) C. G. L., was to remove the common-law disability arising from interest, except where one of the parties to a transaction or communication was, at the time of the hearing, dead, insane or a lunatic. In those cases the disabilities arising from interest, imposed by the common law are retained by the statute; but the statute disqualifies those only who were disqualified by the common law. Adams v. Board of Trustees, 37 Fla. 266, 20 So. 266. This statute was designed to enlarge the common-law rule, except as to transactions and communications between interested parties and persons deceased, insane or lunatic. Le Blanc v. Yawn, 99 Fla. 328, 126 So. 789."

And in Adams v. Board of Trustees, *supra,* it is said:

"Under the common law the interest, in order to exclude a witness, must have been some legal, certain and *immediate* interest, however minute, in the result of the cause, or in the record as an instrument of evidence. Where actual gain or loss would result simply and *immediately* from the verdict and judgment, the witness was deemed incompetent by reason of his interest; as, where he was a party, though but a nominal party, to the suit; or was a party in beneficial interest, or quasi a party, from having entered into a rule of court or agreement that another cause, to which he was a party, should abide the same result with that in which he proposed to give evidence.

"A witness was also incompetent by the common law where the record would, if his party succeeded, be evidence of some matter of fact to entitle him to a legal advantage,

or repel a legal liability. In I Greenl. Evid. Sec. 390, it is said that: 'The true test of the interest of a witness is that he will either gain or lose by the *direct* legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. *It must be present, certain, and vested interest, and not interest uncertain, remote, or contingent.'"* (Emphasis added.)

In the instant case, we cannot find that there was a "transaction or communication" between witness and deceased; but if there were such a transaction or communication, she would still be qualified to testify because she would not have been excluded by the rules of the common law governing testimony by interested witnesses.

Administratrix questions the testimony of Claimant given in her own behalf, alleging that such testimony was given in violation of Section 4372, *supra.* In Belote v. King, 20 Fla. 126, where plaintiff was suing the administrator of deceased for work done and materials furnished in the form of medicines while deceased was ill, plaintiff herself took the stand and testified as to the amount of work done, the quantity of medicine furnished and the cost of the materials used in making the medicines. Defendant moved to strike this testimony as concerning a "transaction or communication" between plaintiff and deceased. The statute upon which defendant based his motion is very similar to Section 4372, *supra.* The court, in denying the motion to strike, said:

"* * * The word 'transaction' means 'the doing or performing any business, the management of an affair, the adjustment of a dispute between parties by mutual agreement.' * * * The effect of the law, or rather the exception to the general rule as prescribed thereby (Chapter 1983, Laws of Florida 1874) is not to render a witness in-

competent generally, but only incompetent to testify upon certain specific subjects, namely: 'transactions and communications' had with the deceased.

"Any party may testify to any fact pertinent to the issue, if it does not come within the exception as provided in the statute."

The testimony of Mrs. Fields, Claimant, does not come within the exceptions as provided by the statute, and she was a competent witness to testify in her own behalf.

The remaining questions raised by Administratrix involve the assignments of error based on the directed verdict for claimant. In light of the dispositions of the other questions presented, holding that the note forms were admissible and that the testimony of Claimant and her daughter was admissible, there is clearly no error in directing verdict for plaintiff.

No error appearing, the judgment of the trial court is affirmed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

THOMAS, J., disqualified.