**ELMER J. FARRINGTON v. A. L. RICHARDSON as Ancillary Administrator of the Estate of Frank B. Webster, deceased.**

16 So. (2nd) 158
January 7, 1944

June Term, 1943
Division B

*Erle B. Askew* and *Clair A. Davis,* for appellant.

*A. L. Richardson,* for appellee.

SEBRING, J.:

Elmer J. Farrington sued Frank B. Webster at law to recover damages for an alleged breach of a parol contract of employment. From the declaration in the case it appears that Webster owned and maintained a home at St. Petersburg, Florida. He was in ill health and lived alone. Having no one to attend him, Webster proposed to Mr. Farrington that he and Mrs. Farrington move into the Webster home and there render such joint services as should be required in caring for him as long as he lived. As a consideration for the service to be rendered, Webster agreed to continue in effect a certain trust provision then appearing in his will which benefitted the Farringtons, and also to pay all household and incidental expenses of the parties during the period. The trust provision referred to established a trust in certain assets of the testator, the net income therefrom, at the death of Webster, to be paid to Mrs. Farrington for life, and upon her death, or in event she predeceased Webster, to be paid to Mr. Farrington for and during his lifetime.

Farrington accepted the proposal made by Webster, disposed of his home in the State of New York, abandoned his business there, and, in company with Mrs. Farrington, came to Florida to live with and care for Webster. This relationship began in March, 1938. Thereafter, Mr. and Mrs. Farrington were in constant attendance upon Mr. Webster until December 5, 1938. Farrington bathed, dressed, and shaved Webster. Farrington acted as his secretary and chauffeur. Mrs. Farrington did all the house work, made beds, prepared meals, washed dishes. According to promise, Webster paid all household, and other expenses of the parties until December 5, 1938. On that date, and without just cause, Webster brought the arrangement to an end, ordering Farrington and his wife out of the house and refusing to take care of their expenses further. Also, he revoked the trust provision in the will which he had agreed to maintain in consideration of the services to be rendered, excluding the Farringtons from the will altogether.

Pleas to the declaration were filed. Pending the suit Webster died and the suit proceeded against his personal representative. The plaintiff and substituted defendant went to trial on the issues made by the pleadings. At the trial Mrs. Farrington was called as a witness for the plaintiff to prove the parol agreement between her husband and Webster. Objection was made to the proffered testimony on the ground that the testimony offered related to a transaction or communication with a person since deceased, the witness being interested in the event of the suit or deriving an interest or title from a party to the action. The trial judge sustained the objection and refused to admit the testimony, on that ground. The plaintiff announcing that he was without means of proving the oral contract except by the testimony of Mrs. Farrington, the court directed a verdict for the defendant. The only question brought here for decision is the propriety of the court's ruling on the admissibility of this testimony.

Section 90.05 Florida Statutes 1941 provides that "No person, in any court . . . shall be excluded from testifying as a witness by reason of his interest in the event of the

action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party, or interested person derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, . . . against the executor, or administrator, . . . of such deceased person, . . ."

To be excluded from testifying by reason of interest in the event of the action or proceeding, under this statute, the witness must be so interested in the result of the suit that he will gain or lose directly or immediately thereby; or the testimony to be given must be such that the record in the suit may be used as legal evidence for or against the witness in some action to prove or disprove the matters testified about by him. The disqualifying interest must be present, certain, and vested; not uncertain, remote or contingent. An interest simply in the question involved will not disqualify, under the proviso of the statute. The disqualifying interest of the witness must be in the event of the cause itself and not in the question to be decided. See Adams v. Board of Trustees, etc., 37 Fla. 266, 20 So. 266; Madison v. Robinson, et al., 95 Fla. 321, 116 So. 31; Catlett v. Chestnut, as Executor, 107 Fla. 498, 146 So. 241; Fields v. Fields, 140 Fla. 269, 191 So. 512; Fields v. Fields, 140 Fla. 323, 191 So. 827.

It is urged that Mrs. Farrington is interested in the event of the suit by force of Section 708.06 Florida Statutes, 1941, which provides that "a married woman's wages acquired by her in any employment separate from her husband shall be her separate property and subject to her own disposal, and she shall be entitled to sue for and recover the same as though she were a single woman." We find ourselves unable to agree with this contention.

At the common law the earnings of a married woman living with her husband vested absolutely in the husband, unless he waived his right thereto. The statute limits the common-law rule only to the extent set forth in the statute. 30 C.J. 826. The effect of the statute is to allow a married woman

to elect to perform labor on her own account. In such cases she is entitled to her own earnings and may sue for and recover the same as though she were a single woman. But the statute does not completely abrogate the common-law rule. Where there has been no election, or circumstances showing that the wife intended to avail herself of the privileges conferred by the statute, the husband's common-law right to her earnings remains unaffected, unles he waives his right thereto. Bowers v. Starbuck, 186 Ind. 309, 116 N.E. 301; Holcomb v. Harris, 166 N.Y. 257, 59 N.E. 820; Porter v. Dunn, 131 N.Y. 314, 30 N.E. 122; In re Moon's Estate, 219 Mich. 104, 188 N.W. 457; Wooster v. Eagan, 88 N.J. L. 687, 97 A 291; Hess v. Clutz, 8 Ohio App. 57.

The theory of the case now before the court is that the contract upon which plaintiff sues was made by Farrington to furnish the joint services of himself and wife to Webster, during the lifetime of the latter. It appears from the evidence that such services were in fact rendered jointly. Nothing is shown to warrant even an inference that Mrs. Farrington was performing labor on her own account, or that she considered herself entitled to separate payment for her services. She has filed no separate claim or suit seeking compensation for her labors. She has made no contention that such labor as was performed by her was other than in the service of and subordinate to her husband. Indeed, she has appeared as a witness in the present suit to further the claim of her husband for compensation for labor performed by her and her husband jointly. It would seem, therefore, that she has ratified and sanctioned his claim. We are of opinion that under such circumstances the husband may sue in his own right and recover from a third person for the joint services rendered by husband and wife under the contract made by the husband. Not being entitled in such case to recover for the services she has rendered, the wife is not interested in the event of the suit, within the purview of Section 90.05 Florida Statutes, 1941. On that ground, therefore, Mrs. Farrington is not precluded from testifying as to the alleged conversation out of which the contract is supposed to have arisen between Mr. Farrington and the decedent, Webster.

It is also suggested by appellee that Mrs. Farrington has a vested right of dower in her husband's estate, defeasible only by her prior death, and that consequently she is incompetent to testify because she is a person deriving an interest or title from a person interested in the event of the suit. See Sec. 90.05 Florida Statutes, 1941.

This contention is not tenable. The case before the court does not relate to real estate but to personal property. If successful, the plaintiff will recover a money judgment. If the judgment is ever satisfied the money received in satisfaction will belong to the husband alone. He may dispose of the judgment or the proceeds without the consent of the wife. No interest of the wife will attach either to the judgment or the fruits thereof during his lifetime, dower in personalty relating only to such personal property as the husband owns at the time of his death. Sec. 731.34 Florida Statutes, 1941. The interest required to disqualify a witness under the proviso of the statute must be an interest present, certain, and vested; not uncertain, remote, or contingent. The possibility that Mrs. Farrington may ever realize anything from a personal judgment procured by her husband depends upon whether the judgment, or any of its proceeds, remains in the husband at his demise. This interest is too uncertain, remote and contingent to serve as a basis for the disqualification of the witness, on the ground asserted.

Finally, we are told that because the record shows that Mrs. Farrington actually participated in the alleged conversation between her husband and Webster out of which arose the contract she may not now relate what was said between the parties. What we have said in disposing of other grounds takes care of this contention. In order to render a person incompetent to testify he must either be a party to the cause or interested in the event thereof, or the situation must be such that the record may be used for or against him in some other action. Adams v. Board of Trustees, 37 Fla. 266, 20 So. 266; Madison v. Robinson, 95 Fla. 321, 116 So. 31; Fields v. Fields, 140 Fla. 269, 191 So. 512. None of these circumstances exist in the present case. The fact, therefore, that Mrs. Farrington may have participated in the alleged con-

versation does not render her incompetent on that account, because as to this action or proceeding she stands as a stranger to the record.

Before leaving the case, we feel compelled by the necessity of the question brought here on appeal to take notice of the items of damage claimed in the declaration. Plaintiff claims to himself in his declaration three items of recovery as elements of damage for the alleged breach of contract with decedent; (1) the present value of living expenses to be furnished to himself and wife during the lifetime of Webster; (2) the present value of the life income to Mrs. Farrington from the trust agreed to be established for her benefit; and (3) the present value of the life income from the trust to himself at the death of Mrs. Farrington.

There can be no doubt as to plaintiff's right to maintain the common law action, (Exchange National Bank of Tampa v. Bryan, 122 Fla. 479, 165 So. 685) and to have a recovery on items 1 and 3 of the damages claimed in the declaration; provided, of course, that he can sustain his case as against such proper defenses, if any, as have been raised by the pleas of the defendant, and provided, further, that as to item 3 it is shown that the husband has a greater life expectancy than the wife. But we have considerable doubt that item 2 has any place in the cause of action. The plaintiff submits that as the agreement on the part of the decedent to maintain the trust provision for the benefit of Mrs. Farrington was part and parcel of the consideration moving from Webster to plaintiff for the joint services to be performed by the latter and his wife during the lifetime of Webster, the plaintiff may recover damages on this item for breach of the contract. Assuming the force of the argument upon theory, what damages susceptible of pecuniary measurement has Farrington lost by reason of the alleged failure of the decedent to make provision for a life income to Mrs. Farrington out of the estate of decedent? Certainly not the present value of Mrs. Farrington's expectancy in the estate of the decedent, as claimed. Had Mrs. Farrington ever actually received the income from the trust it would have been her separate statutory property. Sec. 708.02 Florida Statutes, 1941. She could

have disposed of it as she saw fit, without permission from her husband. The husband would have had no property right in the income.

In an action for damages for breach of a contract of this nature the measure of damages is the actual loss sustained by the promisee as a result of the promisor's failure to keep his agreement. Ordinarily, this is the value of the property agreed to be bequeathed or devised, or of the provision or disposition for plaintiff's benefit agreed to be made; although some courts have adopted a different measure of recovery. See 68 C.J. p. 601 Sec. 222. If damages claimed are so remote, contingent, conjectural, and speculative as to be immeasurable pecuniarily, no substantial recovery can be had therefor. Vaughan's Seed Store v. Stringfellow, 56 Fla. 708, 48 So. 410; Hall v. Western Union Tel. Co., 59 Fla. 275, 51 So. 819; Hodges v. Fries, 34 Fla. 63, 15 So. 682; Atlanta & St. A. B. Ry. Co. v. Thomas, 60 Fla. 412, 53 So. 510. In our view such damages, if any, as Farrington may have sustained by reason of Webster's failure to make provision for Mrs. Farrington in the will are not susceptible of monetary calculation.

We apprehend that it was this item that may have given trouble to the able trial judge in the court below. We think that when the case goes back for further proceedings this item should be eliminated from further consideration. This may be done either by motion to amend or to strike from the pleadings, by objections to testimony at the trial, or by charges of the court to the jury when the case comes on again for trial. Hall v. Western Union Telegraph Co., 59 Fla. 275, 51 So. 819, 27 L.R.A. (N.S.) 39. With this item eliminated, leaving only the claims for present value of living expenses, and Farrington's personal expectancy in the estate of the decedent, we find no difficulty in sustaining the right of the wife to testify, as against the proviso of the "party in interest" statute.

Judgment reversed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.