THOMAS, Justice.
This litigation began with the presentation by the appellant of a claim against the estate of Ray O. Lance. The administra-trix disallowed the claim whereupon the appellant brought suit in the circuit court to enforce its payment. ' In the trial when the testimony of the son of the appellant was offered, the appellee objected on the ground that the witness was an interested person as contemplated in Section 90.05, Florida Statutes 1951, and F.S.A., and the objection was sustained.
The question now posed is whether or not the son of the appellant should have been precluded from testifying because his claim against the same estate was so closely connected with his mother’s and arose out of the same transaction.
Under the statute no person who is a party to an action or who is “interested in the event thereof” and no “person from, through or under whom” such party or interested person “derives any interest * * shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time * * deceased * * * against the * * * administrator * * * of such deceased person * *
The admissibility of the testimony would not be governed by the blood relationship between the appellant and the witness, Fields v. Fields, 140 Fla. 269, 191 So. 512, but that is a circumstance which should be considered in this particular case as will be seen when we state the facts surrounding the origin of both claims. It is the general rule that to justify exclusion of testimony under the statute it must appear that the witness will “gain or lose directly * * * or that the record * * could be used as legal evidence * * * for * * * or against him, in some other suit” to establish or disestablish the matters about which he testified; and the interest must be certain, legal and immediate. Adams v. Board of Trustees of Internal Impr. Fund, 37 Fla. 266, 20 So. 266, 267.
Bearing in mind this gauge of the interest that will disqualify, we examine the facts relevant to the objection and the ruling. The testator was constructing a building and he and the witness were negotiating for a lease of the property to the witness for use as a liquor store. At the same time the prospective lessor, the decedent, represented that he could obtain a liquor license for use. of the witness, and the appellant deposited with the decedent more than $10,000 for that purpose. The witness paid to the decedent $3,600 on account of rent. Although the negotiations seem to have been contemporaneous, the payments by appellant and her son were made at different times. It was their plan to form a corporation and to operate the business in its name so both were working toward the same end, the establishment of *764 a commercial enterprise. One was advancing money for rental of a place where it might be conducted, the other, money for a license so it could he carried on legally. Their investments were eventually to be exchanged for stock in the corporation.
Because of circumstances not necessary to relate the building was never occupied by the witness. The lessor died, and eventually appellant, the mother, and witness, the son, filed claims against the estate. When the claims were denied each brought suit.
We revert now to the question whether or not the son could testify in the mother’s suit.
It is true that the son categorically denied that he had any pecuniary interest in the appellant’s recovery and this we do not doubt, but he had, it seems to us, a vicarious interest entirely aside from sentiment. We agree with the circuit judge that the son was barred from giving his version of the transaction, because we think he was so closely allied with his mother in the transaction that to permit either to testify in behalf of the other would amount to circumvention of the law. Though different parties paid different amounts for different purposes, there was a single transaction and from its very nature the bases of claims could not be separated. If the son could testify in his mother’s behalf then, obviously, the mother could testify in the son’s behalf and the practical effect would be the same as if each had testified in his own behalf.
In a strict technical sense the witness was not directly interested in the outcome of this particular suit but when the purpose and the spirit of the act are considered, we conclude that his interest so blended with his mother’s that the judge was justified in holding that these interests could not be divorced from each other.
The purpose of the statute was to remove the “stringent” common-law inhibition against testimony by a person “ ‘interested in the event’ of a suit * * Adams v. Board of Trustees of Internal Impr. Fund, supra. The reason for the exception, that such person could not, however, testify about a transaction between him and a person deceased, was to prevent the former from taking advantage of his adversary by giving testimony that could not be refuted because the other party to the transaction had died. It has been said by this court that it is “only just, fair and equitable in a case such as this wherein death has sealed the lips of one party, that the law should as effectively silence the voice of the other.” Mayer v. Mayer, Fla., 54 So.2d 105, 106.
The disadvantage sought by the law to be prevented would have, in our opinion, occurred if the testimony of the son in the circumstances peculiar to this case had been admitted.
We agree with the ruling, therefore, the judgment is — ■
Affirmed.
TERRELL, HOBSON and ROBERTS, JJ., concur.
DREW, C. J., dissents.
THORNAL and O’CONNELL, JJ., dissent on basis of Farrington v. Richardson, 153 Fla. 907, 16 So.2d 158.