125 So.2d 109 (1960)
Herman POLLOCK, Appellant,
v.
Francis J. KELLY, as sole heir and beneficiary of the Estate of Katherine A. Kelly, deceased, Appellee.
No. C-48.
District Court of Appeal of Florida. First District.
December 6, 1960.
*110 Duffett & Stainer, Daytona Beach, for appellant.
Walter A. Shelley, Daytona Beach, for appellee.
WIGGINTON, Chief Judge.
Appellee, as sole heir and beneficiary of the Estate of Katherine A. Kelly, deceased, brought suit on a promissory note given by appellant to appellee's decedent prior to her death. From a summary final judgment in favor of appellee this appeal is taken. It is contended that the pleadings, affidavits and exhibits on file before the court present a genuine issue of a material fact which should properly be resolved only by a jury on a trial of the cause. Reversal of the summary final judgment is sought.
Appellee's complaint is in the usual form alleging that the promissory note, a copy of which is annexed as plaintiff's exhibit, was executed by defendant and delivered to Katherine A. Kelly prior to her death whereby defendant promised to pay to the decedent on the date stipulated in the note the sum of $2,500, together with interest. It is further alleged that defendant owes plaintiff the entire amount of the note with interest from its due date, together with attorney's fees, for which judgment is prayed.
By his answer defendant admits the execution and delivery of the note in question, but denied that he was indebted thereon either to the decedent at the time of her death, or is now indebted to the plaintiff in the cause. As additional defenses defendant alleges payment, accord and satisfaction and release.
In support of her motion for summary judgment plaintiff filed her affidavit which merely reiterates the allegations of her complaint, and also filed affidavits of various attorneys testifying as to what is a reasonable fee to be paid plaintiff's attorney for his services.
In opposition to the motion defendant filed separate affidavits executed by him and his wife. The affidavit executed by defendant's wife averred that although she was the wife of defendant, she was not a party to the cause nor interested in the event thereof. This affidavit acknowledged the execution and delivery of the promissory note by defendant to the decedent, but averred that the affiant wife was not now nor ever had been obligated or indebted to either the decedent or the plaintiff in the cause. It is further averred that the affiant, at the request and solely for the benefit of defendant, paid certain sums of money to the decedent during her lifetime to be applied on the indebtedness evidenced *111 by the note sued upon; that such payments consisted of checks in the total sum of $1,800 issued by the affiant payable to the decedent which were endorsed and cashed by her, which canceled checks are attached to the affidavit and made a part thereof by reference. It is further averred that affiant paid to the decedent in cash on certain stated dates various sums totaling $500, some of which payments were receipted for by the decedent and which receipt is attached to the affidavit and made a part thereof. It is further averred that defendant paid to the decedent in cash certain sums of money during the years 1956 and 1957 as reflected by the notations in defendant's books of original entry regularly kept and maintained in connection with his business. It is finally averred that in addition to the foregoing the affiant rendered to decedent certain services, and furnished her lodging and traveling expenses, the value of which were applied on the indebtedness now sued upon. Affiant concludes her affidavit with the averment that during her lifetime the decedent stated to affiant that she had been paid in full on account of the indebtedness evidenced by the note, and that the note had been fully paid and satisfied. Defendant also filed an additional affidavit in his own behalf in which he averred that the indebtedness evidenced by the promissory note had been paid and satisfied in full, some of which payments were made to the decedent by the defendant in cash during the years 1956 and 1957 as reflected by defendant's books of original entry regularly kept and maintained by him in connection with his business, a schedule of which payments, including the dates and amounts thereof, being attached to defendant's affidavit and made a part thereof by reference.
Upon consideration of the foregoing proofs submitted by defendant the trial judge entered a summary final judgment in which he found that there was no genuine issue of any material fact and that plaintiff was entitled to judgment as a matter of law. The court accepted the proofs of payment submitted by defendant to the extent of $1800 as evidenced by the canceled checks attached to the affidavit filed by defendant's wife, but further found that there remained unpaid of the indebtedness evidenced by the note the principal sum of $700. Judgment was therefore awarded plaintiff for the balance of the principal found to be due, together with interest and attorney's fees, in the total sum of $1,276.61.
The rule of civil procedure under which the summary judgment in this case was entered provides that such judgment or decree may be rendered by the court if the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law.[1] Proceedings for a summary judgment or decree may never be used as a substitute for a trial if from the evidence before the court there appears to be a genuine issue of some material fact which must be established in order for either party to prevail.[2] Even though the material facts are uncontroverted a summary judgment may not be proper if the evidence is lawfully susceptible to two or more conflicting inferences.[3]
The question here presented is whether the pleadings, depositions, affidavits and other evidence on file before the court raised a genuine issue of a material fact with respect to the issues formed by the pleadings filed in the cause.
The affidavit filed by plaintiff in support of her motion for summary judgment averred the execution and delivery of the note sued upon and specifically asserted that the entire principal amount of the note was due and unpaid, together with interest thereon from the date of execution. The *112 affidavits filed by appellant and his wife admitted the execution and delivery of the note, but specifically stated that the entire principal sum thereof, together with all accrued interest, had been paid in full and appellant-maker had been released from any further obligations with respect to the note and the indebtedness evidenced thereby. In support of these averments the affidavit filed by appellant's wife referred to certain attached canceled checks issued by her and payable to decedent during her lifetime in the total sum of $1,800. Each of these canceled checks bore a signature purporting to be that of the decedent. The trial judge accepted this proof as evidence of payment in the total amount of the canceled checks attached to the affidavit even though there does not appear in the record any admission by plaintiff that the sums of money evidenced by such canceled checks had been received by the decedent, or that the endorsements appearing on the reverse side of the checks were in fact the decedent's signature. Whether the payments evidenced by the checks in question had actually been made to decedent, received and cashed by her, was a genuine issue of a material fact on which plaintiff's right to recovery depended and could be resolved only by a jury on trial. We mention this phase of the proceedings even though appellee has not cross assigned as error the court's action in allowing as credits the total amount represented by the canceled checks. The remaining evidence submitted by appellant's wife in her affidavit was to the effect that certain cash payments, together with goods and services, had been rendered to decedent during her lifetime, the total value of which more than exceeded the balance remaining due on the promissory note, and that decedent had acknowledged to the wife that the indebtedness had been paid in full, the note satisfied, and the appellant released from any further obligations thereon. This evidence established a material fact essential to the defenses interposed by appellant, the truth or falsity of which could only be resolved by a jury on a trial of the cause.
The summary judgment entered by the trial court contains no findings but recites the bare conclusion that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. The record is therefore silent as to what theory of law the trial judge relied upon in rejecting the proof tendered by appellant purporting to show payment in full of the note sued upon.
In support of the judgment appealed appellee contends that the evidence submitted by appellant purporting to show payment of that part of the indebtedness over and above the $1800 represented by the canceled checks was incompetent under the so-called Dead Man's Statute, and would not be admissible during the trial. Our attention is invited to that portion of the rule which requires that supporting and opposing affidavits filed in connection with a motion for summary judgment shall set forth only such facts as would be admissible in evidence.[4] She contends, and properly so, that if the evidence rejected by the trial judge was incompetent and would be inadmissible during the trial, the trial judge was correct in disregarding it in his consideration of the motion for summary judgment.[5]
The Dead Man's Statute[6] was enacted for the purpose of relieving against the harsh common law rule which disqualified *113 any person interested in the event of a cause from testifying as a witness, whether he be a party or not. The test to be applied in determining whether a witness is disqualified to give testimony as to communications or transactions with a deceased person was stated by the Supreme Court in the Farrington case.[7] It was there held that "to be excluded from testifying by reason of interest in the event of the action or proceeding, under this statute, the witness must be so interested in the result of the suit that he will gain or lose directly or immediately thereby; or the testimony to be given must be such that the record in the suit may be used as the legal evidence for or against the witness in some action to prove or disprove the matters testified about by him. The disqualifying interest must be present, certain, and vested; not uncertain, remote or contingent." The foregoing rule was later paraphrased by the Supreme Court in the Jensen case[8] in which it was said "It is the general rule that to justify exclusion of testimony under the statute it must appear that the witness will `gain or lose * * * or that the record * * * could be used as legal evidence * * * for * * * or against him, in some other suit' to establish or disestablish the matters about which he testified; and the interest must be certain, legal and immediate."
Appellee seems to concede that the proof submitted in the form of the affidavit by appellant's wife would be sufficient, if admissible, to create an issue of fact in support of the defenses interposed. She contends, however, that appellant's wife is disqualified from offering testimony with respect to the payments made and the goods and services furnished by her to the decedent during her lifetime to be credited on the note for the reason that these are transactions or communications with the decedent and the wife is an interested party to this cause within the disqualifying proviso of the statute. In Fields[9] our Supreme Court held that the admissibility of testimony to be offered by a witness under the Dead Man's Statute will not be governed by the blood relationship existing between the witness and one of the parties to the cause. And in Farrington it was held that an interest simply in the question involved will not disqualify under the proviso of the statute. The disqualifying interest of the witness must be in the event of the cause itself, and not in the question to be decided.
It is appellee's position that the rule to be applied to the testimony submitted by appellant's wife on the motion for summary judgment is controlled by the decision of the Supreme Court in Jensen. In that case a mother and son relationship existed between the plaintiff and her principal witness. In a suit brought by the mother the son attempted to testify as to a transaction or communication had between his plaintiff mother and the decedent against whose estate the suit was brought. The son denied that he had any pecuniary interest in the event of the cause instituted by his mother. The facts in that case reveal that the son was also maintaining a suit against the estate of the same decedent then being sued by his mother. It was but a single transaction out of which the causes of action instituted by both the mother and son had arisen. *114 The son's testimony was excluded for the reason that he was so closely allied with his mother in the transaction that to permit either to testify on behalf of the other would amount to circumvention of the statute. Although the son as a witness was not directly interested in the outcome of his mother's suit, when the purpose and spirit of the statute were considered, the court concluded that his interest so blended with his mother's that the two could not be divorced from each other. Because of the factual difference between the Jensen case and the one now under consideration we do not agree that the rule applied in that case is applicable here.
We revert to the affidavit filed by the wife in opposition to appellee's motion for summary judgment which recites that she is not a party to the cause nor interested in the event thereof. Her testimony with respect to the payments made to the decedent reveal that she was acting at all times at the request of her appellant husband, and that all payments made by her and goods and services furnished to decedent were for the husband's benefit to be applied as credits on the indebtedness evidenced by the note sued upon. We are of the view that the rule applicable to the facts in this case is controlled by the decision of the Supreme Court in Farrington, supra. In that case the decedent persuaded Farrington and his wife to leave their home in the north and move to St. Petersburg for the purpose of caring for the decedent during the remainder of his lifetime. As consideration for the services to be rendered by both the husband and wife the decedent agreed to continue in effect a certain trust provision in his will which would benefit both the Farringtons after his death. The Farringtons performed their part of the contract until it was terminated without just cause by the decedent. Farrington then instituted in his name alone a common law action to recover damages for an alleged breach of the parol contract of employment. During the pendency of the cause the decedent died and his personal representative was substituted as party defendant. It developed that decedent had revoked the trust provision in his will which would have benefited the Farringtons. At the trial Farrington's wife was called as a witness for the purpose of establishing the parol contract entered into between Farrington and the decedent. Objection was interposed on the ground that she was an interested witness and her testimony was inadmissible under the Dead Man's Statute. The objection was sustained and verdict directed in favor of decedent's personal representative. On appeal the judgment was reversed and the cause remanded for further proceedings. The Supreme Court held under the facts in that case that Farrington's wife was not a party to the cause and was not interested in the event thereof within the disqualifying proviso of the statute. The mere fact that she was the plaintiff's wife and might indirectly enjoy the fruits of a judgment rendered in his behalf did not disqualify her from testifying with regard to the transaction and communication had between her husband and the decedent during the latter's lifetime.
Appellee emphasizes that the checks given to decedent as payments on the note were all issued and signed by appellant's wife. The goods and services furnished decedent, the value of which was by agreement to be credited on the indebtedness, were likewise furnished by appellant's wife. From these facts appellee reasons that the wife thereby became interested in the event of the action within the disqualifying provision of the statute. With this contention we cannot agree. It ignores the uncontroverted statement of the wife that the payments made and services furnished by her to the decedent were all at the request and for the account of her husband, the defendant. Appellant's wife is no doubt interested in the question involved, but as said by the Supreme Court in Farrington, supra, this is not sufficient to disqualify the witness absent a showing of interest in the event of the cause itself. We therefore find and hold that the affidavit of appellant's wife *115 created genuine issues of material facts relative to the defenses interposed by defendant which precluded the entry of summary judgment.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for further proceedings.
Reversed.
STURGIS and CARROLL, DONALD, JJ., concur.
NOTES
[1] Rule 1.36(c), F.R.C.P., 30 F.S.A.
[2] Gordon v. Hotel Seville, Fla.App. 1958, 105 So.2d 175; Williams v. City of Lake City, Fla. 1953, 62 So.2d 732.
[3] Smith v. City of Daytona Beach, Fla. App. 1960, 121 So.2d 440.
[4] Rule 1.36(e), F.R.C.P. 30 F.S.A.
[5] Riviera Printing Company v. Hessler's, Inc., Fla.App. 1959, 109 So.2d 778.
[6] F.S. § 90.05, F.S.A.  "Witnesses; as affected by interest. No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence."
[7] Farrington v. Richardson, 153 Fla. 907, 16 So.2d 158, 160.
[8] Jensen v. Lance, Fla. 1956, 88 So.2d 762, 763.
[9] Fields v. Fields, 140 Fla. 269, 191 So. 512.