PER -CURIAM.
We have reviewed the entire record in this case, as well as the briefs of counsel, and hold that appellants’ points II and III require reversal of the final judgment.
A significant part of the evidence upon which the trial court rendered its judgment was furnished by Leon and Fred Sultan. As stockholders in the appel-lee corporation they were barred by § 90.-05, F.S. 1973, from testifying as to any transaction or communication with the decedent, Salame. We also believe that Rosenberg was likewise barred from testifying by the dead man statute even though he was a co-lessee with the decedent and had signed numerous papers as a corporate officer. If he had participated in the transactions to an extent. indicating knowledge of the circumstances he would not be barred by the statute because of the exceptions set forth in Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792 (1932). However, this record demonstrates that Rosenberg did not participate in the transactions in question to the extent that he was familiar with circumstances so as to preclude application of the dead man statute. Thus, the rule laid down in Harris v. Bank of Jacksonville, 22 Fla. 501, 1 So. 140 (1886), applies, and the personal representative has the protection of the statute.
While we do not decide whether appellee successfully carried its heavy burden of proof as the record now stands, we are convinced that without the inadmissible testimony of the Sultans and Rosenberg appellee did not prove a constructive trust to the exclusion of every reasonable doubt, the criterion for the burden of proof in such cases. Smith v. Smith, Fla.1959, 108 So.2d 761.
Accordingly, the final judgment is reversed and the cause is remanded for a new trial.
MAGER and DOWNEY, JJ., concur.
OWEN, C. J., dissents without opinion.