BERANEK, Judge.
Plaintiff appeals a final judgment denying his complaint which sought recision of an alleged oral contract. The complaint generally alleged that plaintiff transferred a partially completed condominium project including real estate to a trust composed of three individuals in return for promises that he would be held personally harmless from debts arising from the project and be repaid his investment. Plaintiff sued Mr. Wiggins, Mr. Qualmann and the personal representative of the estate of Mr. Kelley who died in 1975. Plaintiff alleged oral promises and breaches by the three defendants. The trial court found against plaintiff on numerous substantive grounds and chose to reject and disbelieve the evidence in support of certain key allegations. Conflicting evidence was *265 presented and no error has been made to appear in this regard.
We affirm and in doing so comment only upon the appellant’s arguments as to an evidentiary point relating to the dead-man statute.
The trial court applied Section 90.05, Florida Statutes (1975), in excluding evidence as to conversations between plaintiff and Mr. Kelley who died before suit was filed. Plaintiff asserts Taylor v. Cory, 53 So.2d 820 (Fla.1951) and Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792 (1932) require a different ruling. Plaintiff basically argues that where any two parties to an oral contract remain alive that the dead-man statute is inapplicable to any conversations with a deceased party to that contract. We disagree. Here the trial court only precluded the conversations to which the plaintiff and the decedent were the sole participants. Plaintiff was allowed to present evidence as to his conversations with the decedent so long as one other person was shown to be present during these conversations. We view the above-cited Supreme Court opinions as consistent with the trial court’s ruling which excluded only the evidence as to conversations between plaintiff and the decedent alone. Also see Rosenberg v. Boston Corporation, 310 So.2d 40 (Fla. 4th DCA 1975). The trial court correctly excluded the evidence in question and no other error has been made to appear. The final judgment below is thus affirmed.
AFFIRM.
MOORE and GLICKSTEIN, JJ., concur.