RYDER, Chief Judge.
Peter M. Camodeca, the personal representative for the estate of Anthony Cam-odeca, deceased, appeals a final judgment in which the court found that the deceased fraudulently obtained $87,000.00 from Frank Camodeca in violation of their confi *663 dential relationship and, therefore, imposed a constructive trust on the $87,000.00. We reverse.
On November 3, 1978, Anthony H. Cam-odeca signed a demand note in which he promised to pay the sum of $87,000.00 “to Frank Camodeea and/or Betty A. Camode-ea.” Anthony Camodeea died on December 16, 1981. On the date of his death, the promissory note remained outstanding and payable. On January 8, 1982, the probate division of the circuit court for Pinellas County issued letters of administration naming the decedent’s son, Peter M. Cam-odeca, as personal representative of the estate.
On January 13, 1982, Frank Camodeea filed a statement of claim in the estate of Anthony Camodeea which included a claim for the $87,000.00 loan as evidenced by the promissory note. The attorney for the estate promptly filed an objection to that claim. Frank Camodeea failed to bring an independent action within thirty days after the objection to the claim was filed, and on September 15, 1982, the probate division entered an order dismissing Frank Camode-ca’s motion for extension of time to file independent action.
After expiration of the time for filing claims in the probate court, Frank Camode-ea brought an action in equity against “Peter M. Camodeea, Personal Representative of the Estate of Anthony Camodeea, deceased.” The complaint alleged that Frank had given Anthony the $87,000.00 to invest in a meat packing plant; that Anthony had not made this investment; that Anthony had not intended to make this investment when he obtained the $87,000.00; and that Peter was in possession of the $87,000.00. Frank asked the court to declare that Peter held $87,000.00 in constructive trust for Frank’s benefit.
During the nonjury trial, the principal witness for Frank was his wife, Betty. Although Betty was not named as a party in the action seeking to impose the constructive trust, she was the co-payee on the $87,000.00 note. Throughout her entire testimony, Betty testified as to decedent’s oral representations to her regarding the $87,000.00 loan. Counsel for the estate objected on the ground that Betty was an interested party within the meaning of the dead man’s statute, section 90.602, Florida Statutes (1983). The court overruled the objection. At the close of the trial, the court imposed a constructive trust on the $87,000.00 after finding that Anthony had obtained the money through misrepresentation and fraud, and had held the money through a fraudulent scheme.
We cannot accept appellee’s argument that his wife was not an interested party within the meaning of the dead man’s statute. She held a joint interest in the money sought and admitted during the trial that she had an interest in the outcome of the lawsuit. That is evidence that Betty, being so closely allied with her husband in this transaction, would directly gain or lose from the resolution of the case. See Jensen v. Lance, 88 So.2d 762 (Fla.1956). Despite our sympathy with the appellee’s unfortunate situation, we simply cannot allow the dead man’s statute to be circumvented. The statute serves the valid purpose of guarding against claims which cannot be challenged or refuted because of a party’s death.
A claimant must prove the existence of a constructive trust by clear and convincing evidence. Hallam v. Gladman, 132 So.2d 198 (Fla. 2d DCA 1961). Appel-lee sought to establish the existence of a constructive trust through proving the decedent had a fraudulent scheme. This scheme was “proven” solely through the incompetent testimony of appellee’s wife. A claimant cannot prove a decedent engaged in fraud sufficient to impose a constructive trust where the only evidence of the fraud is established by conversations between an interested party and the decedent. Cf. Munroe v. Carroll, 80 Fla. 206, 86 So. 193 (1920) (plaintiffs sought to establish that deed was not an absolute conveyance of land but was a mortgage to secure the payment of a debt); Versluis v. Wiggins, 405 So.2d 264 (Fla. 4th DCA 1981) (plaintiff sought recission of an alleged oral *664 contract). We have searched the record and have not found any other clear and convincing evidence to support the imposition of a constructive trust. Therefore, we must reverse the trial court’s final judgment and order judgment to be entered in favor of the appellant.
OTT and FRANK, JJ., concur.